BROTHERTON adm'r. of BROTHERTON dec'd. v. ANDERSON.

1. Where judgment by default has been rendered against a garnishee, for failing to appear and answer interrogatories,—in proceedings under the 17th sect. of the 2d art. of the act relating to attachments. R. C. 1835, p. 86,—the plaintiff must establish, by competent testimony, the amount of the indebtedness of such garnishee to the defendant: and final judgment can only be rendered against the garnishee for the amount which he actually owes the defendant, and not for the amount which the defendant may appear to owe to the plaintiff.

2. Where the justice, in such case, renders final judgment against the garnishee for the amount of the plaintiffs demand against the defendant—without any evidence to establish the amount of the indebtedness of the garnishee to the defendant—the judgment is irregular, and not cured by lapse of time.

Error to St. Louis Circuit Court.

*Hamilton for Plaintiff.*

1. We are not too late for this application, (2 vol. Mo. R. 229.) Nor is the plaintiff estopped from denying the legality of the proceedings before the justice, by having paid the amount of judgment. 6 Cowen 300. 10 Wendell 354.

2. The proceedings before the justice were wholly irregular, null and void. R. C. 84, sec. 3. R. C. 86, sec. 17. 1 Pet. U. S. C. C. Reports 30, 36　10 Wheat. 192. 2 Cranch 445. 2 Mass. 213. 5 Han. and Johns. 130.

*Bowlin for Def't. in error.*

The defendant in error relies upon the statute regulating appeals from justices courts. The 2nd section of the 8th article, "but no appeal *can* be taken to a judgment by default, unless, within ten days after rendering such judgment, application shall have been made to the justice, by the party aggrieved, to set the same aside, and such application shall have been refused."

Sec. 3rd. "No appeal shall be allowed in *any case*, unless the following requisites be complied with: 1st. The appeal must be made within ten days after judgment render- ed; or, when the judgment is by default, within ten days af- ter the refusal of the justice to set aside the default and grant a new trial.

*Opinion of the Court Delivered by Tompkins Judge.*

On the fifth day of August, in the year 1837, the said John J. Anderson commenced an action before Joseph Walsh, a justice of the peace of St. Louis county, against J. Snowden Hopkins, by attachment, and James Brotherton, in his life time, was summoned as garnishee.

The suit was founded on a note for $143.55.. On the day of trial, Brotherton not appearing, the justice entered up judgment against him for the amount of the note. Execution was issued against Brotherton, and on the 27th day of September 1837, the execution was returned satisfied. On the 30th day of July 1838, the said James Brotherton departed this life, and Marshall Brotherton, the plaintiff in this proceeding, became his admini-trator. On 30th of April, 1839, Marshall Brotherton, administrator of said James Brotherton dec'd, having given notice to the said John J. Anderson, moved the justice to set aside the judgment, given as aforesaid against the said James Brotherton in his life time, for irregularity. The justice of the peace over ruled the motion, Brotherton, the administrator, prayed an appeal which was refused; and having stated these matters, in the form of an affidavit, he applied to the circuit court to make an order to the said Walsh, to show cause why he did not grant an appeal in the case above mentioned. The court over ruled this motion, and the plaintiff in the motion, Brotherton administrator as aforesaid, brings the cause into this court by writ of error.

In case the garnishee, being duly summoned, shall fail to appear at the proper time, the plaintiff may take judgment against him by default, which may be proceeded on to final judgment, in like manner as in cases between plaintiff and defendant; or, at the option of the plaintiff, the justice shall attach the body of the garnishee, until he shall make full and

MAY TERM
1840.

Brotherton
adm'r. of
Brotherton
vs.
Anderson.

direct answers to the interrogatories required to be answered. See section 17th of the act to recover debts by attachment before justices of the peace, page 86 of the digest of 1835. To ascertain how to proceed to final judgment, in cases between plaintiff and defendant, we must resort to the act to establish justices courts, and to regulate proceedings therein.

Where judgment by default has been rendered against a garnishee, for failing to appear and answer interrogatories,—in proceedings under the 17th sec. of the 2nd art. of the act relating to attachments, R. C. 1835, p. 86,— the plaintiff must establish, by competent testimony, the amount of the indebtedness of such garnishee to the defendant: and final judgment can only be rendered against the garnishee for the amount which he actually owes the defendant, and not for the amount which the defendant may appear to owe to the plaintiff.

This being a judgment by default, we must resort to the fifth article of that act. By the first clause, of the first section, of that article, if the suit be founded on an instrument of writing, &c., and the plaintiffs demand be liquidated, judgment is given for what shall appear to be due by that instrument. But the second clause of that section provides, that if the suit be not founded on an instrument of writing, &c., and the plaintiff appears in person, or by his agent, the justice shall proceed to hear his allegations and proofs, and shall determine the cause as the very right thereof shall appear from the testimony; and if it appear from the testimony, that the plaintiff is entitled to recover, judgment shall be rendered by default against the defendant, for so much as the testimony shows the plaintiff entitled to, with costs, see page 359 of the digest of 1835. But on the part of Anderson, the defendant in this motion, it is contended, that the judgment ought to be given against a garnishee, in a judgment by a default, for the full amount that the defendant may appear to owe to the plaintiff; and the plaintiffs demand being founded on a note, that Brotherton ought to be adjudged to pay the amount of the note, otherwise no person summoned as a garnishee, would appear in obedience to the writ. The argument proceeds upon the supposition of much vice in the community, and the necessity of imposing a heavy penalty on the garnishee, for the interest of the plaintiff in the action. It is not reasonable to suppose, that the legislative body would require a garnishee, who perhaps owes but ten dollars to the defendant, in attachment to have a judgment by default rendered against him for $143, merely because he failed to appear in obedience to the summons.— If indeed the plaintiffs have no evidence to establish the indebtedness of the garnishee to the defendant in their attach-

ment, and still believe that the garnishee is indebted, he may apply to the justice to attach the body of the garnishee, till he shall make full and direct answers. See section 17 of the law of attachments before justices, page 86 of the digest of 1835.

The docket of the justice shows a judgment irregularly obtained by the plaintiff in the attachment, against the garnishee, such an irregularity is not cured by lapse of time.— Such being the opinion of this court on this point, it becomes useless to consider other points made by the counsel of Brotherton, the plaintiff in this motion. The circuit court will make an order to the justice, to allow the appeal from his decision on the motion of Marshall Brotherton, adm'r of James Brotherton; to set aside the judgment by default, which was entered up by said justice against said James Brotherton in his life time, summoned as garnishee as above mentioned, or, to show cause to the contrary. Such is the opinion of the Supreme Court.

shee to the defendant; the judgment is irregular, and not cured by lapse of time.

MAY TERM
1840.

Bootherton
adm'r of
Brotherton
vs.
Anderson.

Where the justice, in such case, renders final judgment against the garnishee for the amount of the plaintiffs demand against the defendant—without any evidence to establish the amount of the indebtedness of the garnishee to the defendant; the judgment is irregular, and not cured by lapse of time.