BURNS' ADMINISTRATOR, Respondent, v. HUNTON, Appellant.

1. The allowance by a justice of the peace of an appeal from a judgment by default raises no presumption that an application had been previously made by the party aggrieved to set aside the default.

### *Appeal from Benton Circuit Court.*

*Gardenhire,* for appellant.

I. It is true no appeal can be taken from a judgment by default, unless application be made to the justice to set it aside, and such application is refused (2 Rev. Code, 971, sec. 2) ; but granting an appeal is at least *prima facie* evidence that such application was made and refused, it was not necessary that the application should have been made in writing, or that the making or refusal of it should appear on the justice's docket (2 R. C. p. 928, 929, secs. 2 & 3). The justice was not specially required by law to put such facts upon his docket. He might have done so if he had thought it useful. He could not grant the appeal without them, and granting it necessarily implies their existence. Great liberality is due in reviewing the judgments of justices of the peace. (15 Mo. 442.) The application to set aside the judgment by default may have been made and refused, and as an appeal was granted which could only have been done upon such application and refusal, their

existence is a fair and legitimate presumption. The granting of the appeal stands against the silence of the justice's docket. The grant is affirmative evidence of the existence of the application and refusal; the silence of the docket is no evidence against it, for it is not legally inconsistent with such existence. Granting the appeal, then, was sufficient to put the respondent upon the proof of the non-existence of such application and refusal.

*F. P. Wright*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

This was a suit by James Burns, as administrator of Henry F. Burns, deceased, against Felix Hunton, before a justice of the peace, on a promissory note. There was a judgment by default before the justice's court against Hunton, who afterwards prayed for and obtained an appeal to the Circuit Court. Upon the filing of the transcript of the justice's proceedings in the Circuit Court, the plaintiff moved the court to dismiss the appeal because no appeal is by law allowed from a judgment by default in a justice's court to the Circuit Court, unless within ten days after the rendering of such judgment by default application shall have been made to the justice by the party aggrieved to set the same aside, and such application shall have been refused, and because in this case no such application had been made, and consequently no appeal could be allowed. The court sustained this motion, and dismissed the appeal at the costs of Hunton. He afterwards moved to set aside this order dismissing his appeal, which motion being denied, he brings the cause here by appeal.

The Circuit Court committed no error in dismissing the appeal in this case. The proceedings before the justice show a proper service of the summons on Hunton, and the justice rendered the judgment against him by default correctly; and from such judgment no appeal lies, unless the party aggrieved shall, within the time prescribed by the statute, apply to the justice to set

aside the judgment by default, and the justice shall refuse so to do.

In this court the appellant contends that the Circuit Court erred in dismissing this appeal, because the justice's transcript shows that the appeal was granted by the justice ; and as the law does not allow the appeal on such judgments unless the proper motion to set the same aside be first made and over-ruled, that in this case the mere act of granting the appeal presumes that such motion had been made and overruled. This reasoning is specious and unsafe. It was the appellant's duty to have made the proper motion within time, and if he had done so, a rule on the justice to perfect his transcript would very soon have shown the fact. But he omits this important pre-requisite step, and obtains illegally an appeal, and relies alone upon the mere fact that an appeal was granted to him, as the proof of his having performed the necessary steps to his right thereto. His duty made it necessary that his application to set aside the judgment by default and its denial should appear by the record, and not by specious and unsafe implication. His right to appeal must plainly appear, and unless this necessary application appears by the record, he has no right to appeal from a judgment by default. Such has been the uniform prac-tice of our courts. (Barret et al. v. Lynch, 3 Mo. 261, deci-ded in 1834.) Let the judgment be affirmed ; the other judges concurring.