———o———

LESLIE GARNET, Plaintiff in Error, vs. JNO. B. RODGERS, et al., Defendants in Error.

1. *Justices' Courts—Appeal bond—Default, motion to set aside.*—When a judgment by default before a Justice of the Peace is appealed from, but no motion is made to set aside the default, the appeal bond given in such case is void.

10—VOL. LII.

*Error to St. Louis Circuit Court.*

*E. P. McCarty,* for Plaintiff in Error.

The recognizance is a record which the defendants have voluntarily made and they are estopped from disputing it. (People vs. Liggett, 5 Barb., 362 ; Gildersleeve vs. The People, 10 Barb., 40 ; Adair, *et al.,* vs. The State, 1 Blackf., 200 ; McCarty vs. The State, 1 Blackf., 338 ; People vs. Carpenter, 7 Cal., 402.)

The error complained of is really matter of exception and can only be reviewed here after an unsuccessful motion for a new trial in the Circuit Court. (State vs. Marshall, 36 Mo. 400 ;Bateson vs. Clark, 37 Mo., 31 ; State vs. Matson, 38 Mo. 489 ; Bishop vs.Ransom, 39 Mo., 416.)

*E. B. Adams and H. H. Denison,* for Defendants in Error.

The recognizance sued on, being for an appeal from the judgment of a Justice of the Peace by default against John B. Rogers, and there having been no motion made and overruled to set aside the default and grant a new trial, is void. (2 W. S., 847, §§ 2 and 3 ; Barnett vs. Lynch, 3 Mo., 369 ; Adams vs. Wilson, 10 Mo., 341 ; Cockrill vs. Owen, 10 Mo., 287 ; Nichols vs. Circuit Court, 1 Mo., 357 ; Commonwealth vs. Loveridge, 11 Mass., 337.)

VORIES, Judge, delivered the opinion of the court.

This action is brought in the St. Louis Circuit Court on an appeal bond or recognizance executed before a Justice of the Peace by defendant Rogers, as principal, and the other defendants as his sureties.

The petition charges that plaintiff, on the 24th day of March, 1871, obtained a judgment against defendant Rogers before one McAuliffe, a Justice of the Peace within and for St. Louis County, for $150 65-100 in an action upon an account. That on the 2nd day of April, 1870, said Rogers appealed said case to the St. Louis Circuit Court, and thereupon with the other defendants entered into a recognizance before said Justice under their hands and seals, whereby said Rogers as principal,

and the other defendants as sureties, acknowledged them-
selves indebted to plaintiff in the sum of three hundred and
fifty dollars, upon the condition, as follows: "Whereas, John
B. Rogers has appealed from the judgment of Daniel McAul-
iffe Justice of the Peace, in an action between Leslie Garnet,
& Co., plaintiffs, vs. John B. Rodgers defendant ; now if on
such appeal the judgment of the Justice be affirmed, or if on
the trial anew in the St. Louis Circuit Court, judgment shall
be given against the appellant and he shall satisfy such judg-
ment, or if his appeal shall be dismissed and he shall pay the
judgment of the Justice, together with the costs of the ap-
peal, the recognizance shall be void." That said bond was ap-
proved by the Justice and is filed with the petition. That af-
terwards, on the 17th day of June, 1870, the said appeal of
said defendant Rodgers, from the judgment of said Justice,
was by the order and judgment of said Circuit Court dismis-
sed ; that said appellant Rodgers has failed and refused to pay
said judgment of said Justice, or the costs of the appeal, or
any part of the same, but said judgment still remains unpaid
and in full force, whereby an action has accrued, &c. Judg-
ment is prayed for the amount of the judgment set forth, and
costs.

The defendants in their answer set up as a defense to said
petition, that the judgment named in plaintiff's petition was
a judgment rendered by the Justice against defendant Rod-
gers, by default, and that said Rodgers as principal, and the
other defendants as his sureties, with a view and for the pur-
pose of taking an appeal from said judgment to the St. Louis
Court, subsequently executed said recognizance or bond, but
that prior to entering into said recognizance and the taking of
said supposed appeal no application was made to the Justice
to set aside said judgment by default, nor was the same refus-
ed by said Justice.

That after the taking of the supposed appeal, the transcript
&c., of said cause was filed in the said Circuit Court, and that
after the filing of said papers in said court, said Garnett, the
plaintiff in the judgment, moved the said Circuit Court to

dismiss said supposed appeal for the reason that no motion had ever been made before said Justice to set aside said judgment by default before said appeal was taken and said bond executed, and no such motion had ever been refused by said Justice ; that upon a hearing of said motion so filed in said Circuit Court the said Circuit Court sustained the same and dismissed said supposed appeal.

The plaintiff demurred to this answer because it did not state facts constituting any defense to plaintiff's cause of action. The Circuit Court at special term sustained the demurrer, and defendants failing to further answer, judgment was rendered against them for the amount of the bond ; execution being awarded for the amount of the judgment of the Justice, with costs, &c.

An appeal was then taken to the General Term of the St. Louis Circuit Court, where the judgment of the special term was reversed and the cause remanded. From this last judgment plaintiff appealed to this court.

The principal question to be considered here is as to the sufficiency of the defendant's answer filed in this suit to defeat the plaintiff's recovery : or, was the bond or recognizance executed by the defendants to procure an appeal from a judgment by default rendered by the Justice, where no motion had been made to set aside said default, and of course no such motion *refused* or overruled, binding on the defendants, or was it without authority of law, and therefore void ?

The statute on the subject provides that, "No appeal shall be taken from a judgment by default or of non-suit, unless, within ten days after the rendition of such judgment, application shall have been made to the Justice by the party aggrieved to set the same aside, and such application shall have been refused."

It will be seen from this statute that the Justice has no authority to grant an appeal from a judgment by default, unless application to set said default aside has been made within ten days after the rendition of the judgment, and the same refused. Until this is done, no authority is given to grant the

appeal, or take the recognizance which forms a part thereof. It has been held by this court that an appeal taken without such application is void, and will give the Circuit Court to which the cause is attempted to be taken, no jurisdiction of the cause. (Barnett vs. Ivers, *et al.*, 3 Mo., 369, side page. The case of Adams, *et al.*, vs. Wilson, 10 Mo., 341, was an action brought on three several recognizances taken on an appeal from the judgments of a justice of the Peace to the Circuit Court. The recognizances sued on in that case were executed, and the supposed appeals taken, more than ten days after the rendition of the judgments by the Justice, and after the time expired fixed by law for taking or granting an appeal. Judge Scott, who rendered the judgment of the court in that case, used this language: "The law requires recognizances to be entered into before the justice who tries the cause, and within ten days from the day of the trial or from the refusal *to set aside a judgment of non-suit.* If these *requisites* are not complied with it will be a good cause for dismissing the appeal. The Justice should see that they are conformed to; otherwise he must know that the appeal can avail nothing. After the expiration of the ten days, the officer has no *right to take a recognizance.* * * * These recognizances are not like official bonds and instruments of that character, concerning which it has been held that though the requisites of the law under which they are taken be not complied with, yet, being voluntary and not against the policy or provisions of any law, they are obligatory. If a recognizance is not taken within the time required by law the very purpose for which it is entered into may be defeated."

This case of Adams vs. Wilson, and the principle decided therein, are identical with the case under consideration. We do not now feel at liberty to review and unsettle the law of this case, even if we should think that the law would admit of a different construction, as it cannot be seen how any wrong could grow out of the construction of the law as given in that case, and in fact it is perhaps the best construction that could be given. It is not to be presumed that Justices will take bonds

in cases not allowed by law, therefore no damage will be apt to result from the construction of the law given, and it will not be departed from.

It is contended by the plaintiff in error, however, that the judgment ought to be reversed, because he charges that the appeal from the special term of the Circuit Court, as taken by the defendants, was irregularly taken, and that therefore the court at General Term never obtained jurisdiction of the case, and could not reverse the judgment of the court at Special Term. The charge is that when the judgment was rendered at Special Term, the defendant filed a motion for a new trial, after which the cause was continued or laid over to the next term of the court without disposing of said motion. That at this subsequent term the motion was heard and overruled, and that the defendant then appealed, which he contends was irregular. That, as there was no occasion for a motion for a new trial, there could be no continuance, and the appeal should have been taken at the term at which the demurrer to defendant's answer was sustained. This objection is very technical and as it does not appear that the plaintiff at the time took or made any objection to the course taken, but appeared at the General Term and submitted his case without objection, it is too late to complain here for the first time, even if the course taken should be considered irregular; but if the court at Special Term entertained the motion for a new trial, I know of no law that would compel an appeal to be taken before the motion was disposed of. The judgment of the court at General Term reversing the judgment of the court at Special Term, should therefore be affirmed. The other Judges concur and the judgment is affirmed.