ROACH v. THE MONTSERRATT COAL COMPANY, *Appellant.*

1. **Justice's Docket Entry.** An ambiguous entry in a justice's docket ought to be so construed, if it can be, as to uphold his judgment.

2. **Justice's Court:** MOTION TO SET ASIDE DEFAULT: GARNISHMENT The statute is imperative that a motion to set aside a judgment by default rendered by a justice of the peace, must be filed within ten days. The fact that the judgment was for money, and was rendered against one summoned as garnishee without any evidence that he was indebted to the defendant, does not authorize an exception to the rule. (Overruling *Brotherton v. Anderson*, 6 *Mo.* 388.)

*Appeal from Johnson Circuit Court.*—HON. WM. S. SHIRK, Judge.

AFFIRMED.

*J. M. Crutchfield* and *S. P. Sparks* for appellant.

The statement in the justice's docket that " the plaintiff made proof of his cause of action," does not mean that evidence was heard on the question whether the garnishee was indebted to Cooper, but that plaintiff introduced evidence to show that he had a judgment against Cooper which had never been satisfied. The garnishee's affidavit filed in support of his motion for new trial, is explicit that no evidence was offered before the justice, showing that he was indebted to Cooper, and this is not controverted.

HENRY, J.—Roach & Co. obtained a judgment before a justice of the peace against Cooper on the 4th of May,

1876, for $96.70, and on the 19th day of January, 1877, the Montserratt Coal Co. was summoned as garnishee, to appear before said justice on the 25th of January, 1877. Failing to appear, a judgment was rendered against the garnishee for $96.70, and on the 8th day of February, 1877, said company filed its motion to set aside said judgment, which was overruled, and on the 21st of February following the company filed its petition to the circuit court of Johnson county for a rule on the justice to allow an appeal, which was granted. On the 19th of June, 1877, on motion of Roach & Co., the appeal was dismissed, and from the judgment of the circuit court dismissing the appeal the said company has prosecuted an appeal to this court In the case of *Brotherton v. Anderson,* 6 Mo. 388, relied upon by defendant, it was admitted that the justice heard no evidence touching the indebtedness of the garnishee to the defendant in the execution, and yet rendered a judgment against him by default for the full amount of the judgment against the judgment debtor. Not so in the case at bar—no such admission is made, nor does it appear from the justice's transcript that he rendered the judgment against the garnishee without first hearing testimony touching its indebtedness to Cooper. On the contrary, it appears from the transcript of the docket that the " plaintiffs having made proof of their cause of action, it is, therefore, considered and adjudged," &c. What cause of action? It may be said, the original cause of action against Cooper ; but there had been a judgment against Cooper in that cause previously rendered, and it is but fair to the justice to assume that the cause of action here mentioned was that against the company on the garnishment proceeding.

It may be proper to add that all of the judges concur in overruling the case of *Brotherton v. Anderson, supra.* The provisions of the law in relation to appeals from the judgments of justices of the peace, were the same in the Revised Statutes of 1835, as in Wagner's Statutes, and required a motion to set aside a judgment by default to be

made within ten days after its rendition, and an appeal to be taken within ten days after the refusal of the justice to set it aside. In the case of *Brotherton v. Anderson*, nearly two years elapsed after judgment before defendant moved to set it aside, and the court in its opinion, observed that the irregularity was such that it was not cured by lapse of time. The irregularity there complained of was the same that is urged against the judgment in the case at bar. We think that to adhere to the doctrine announced in that case, we must ignore, and virtually repeal the express provisions of the statute. The judgment of the circuit court dismissing the appeal is affirmed. All concur.