ZACHARIAH GRAVES, Respondent, v. THE MISSOURI PACIFIC RAILWAY Co., Appellant.

Kansas City Court of Appeals, July 6, 1885.

1. PRACTICE—SETTING ASIDE DEFAULT—CASE ADJUDGED.—Where suit is before justice of the peace, and judgment rendered by default, and the record fails to show that any application was made in the justice's court to set aside the judgment, but appeal is taken to circuit court and trial *de novo*, and judgment again rendered for plaintiff, and the case is brought here by appeal. *Held*, the motion to set aside the default in the justice's court, and its denial were indispensable to entitle the defendant to an appeal; and without such preliminary action the appeal is unauthorized; and neither the circuit court nor this court acquired any jurisdiction over the case.

2. —— PRESUMPTIONS FROM ALLOWANCE OF APPEAL.—The allowance of an appeal by a justice of the peace will not raise any presumption that an application to set aside the default had been previously made. *Burns v. Hunton*, 24 Mo. 337.

APPEAL from Lafayette Circuit Court, HON. JOHN P. STROTHER, J.

*Appeal dismissed.*

The facts sufficiently appear in the opinion of the court.

ADAMS & BOWLES, for the appellant.

I.   To entitle plaintiff to recover it was necessary for him to show that the killing of the horse resulted from defendant's negligence, after discovery of the animal on

the track. *Wallace v. R. R.*, 74 Mo. 594. The mere fact that the animal was killed on the track raises no inference of negligence. *Ibid.*

II. The law does not require that a train be stopped or even the speed slackened when animals are near or on the track. *R. R. Co. v. Newman*, 36 Ark. 607; *R. R. Co. v. Lawrence*, 13 Ohio St. 66; *R. R. Co. v. Barlow*, 71 Ill. 640.

III. There is an entire absence of testimony in this case that the horse was so near as to be in position of danger, or where he could have been seen by engineer.

IV. The plaintiff was guilty of negligence in permitting his horse to stray in the vicinity of the depot grounds. *Ill. Cent. Ry. Co. v. Phelps*, 29 Ill. 447; *R. R. Co. v. Goodwin*, 30 Ib. 117.

JOHN E. BURDEN, for the respondent.

I. There was no motion filed in justice's court to set aside judgment by default. The circuit court, and this court, therefore, have no jurisdiction of this action. *Garnett v. Rodgers*, 52 Mo. 145; *Roach v. Coal Co.*, 71 Mo. 398; *Smith v. R. R.*, 53 Mo. 338; sect. 3040, Rev. Stat. Mo. 1879.

II. Negligence is a question of fact to be submitted to the jury, and if there is any evidence on this issue it must be so submitted. *Brown v. R. R.*, 50 Mo. 461; *Kelly v. R. R.*, 70 Mo. 604; *Norton v. Ittner*, 56 Mo. 351.

III. In passing on a demurrer to evidence, every inference of fact is in favor of party offering the evidence. *Buesching v. St. L. Gaslight Co.*, 73 Mo. 221.

IV. No rate of speed is negligence *per se*, but the rate of speed may be considered as an element of negligence in connection with other circumstances, where railroads are not required to fence. *Pryor v. R. R.*, 69 Mo. 212.

Opinion by PHILIPS, P. J.

The plaintiff sued defendant in a justice's court for damages done to plaintiff's horse. The defendant was duly summoned, but made default and the plaintiff re-

covered judgment for $100. The record fails to show that defendant made any application in the justice's court to set aside this judgment by default; but within ten days took an appeal to the circuit court, where, on a trial *de novo*, plaintiff again recovered judgment; and defendant has brought the case here by appeal.

The motion to set aside the default in the justice's court, and its denial, were indispensable to entitle the defendant to an appeal.

Without such preliminary action the appeal is unauthorized, and neither the circuit court nor this court acquired any jurisdiction over the case. *Barnett et al. v. Lynch*, 3 Mo. 261; *Garnet v. Rogers*, 52 Mo. 145; *Kinsar v. Shands*, 52 Mo. 326; *Smith v. R. R. Co.*, 53 Mo. 338; *Laughlin v. January*, 59 Mo. 383; *Roach v. Montserratt Coal Co.*, 71 Mo. 398.

Nor did the allowance of the appeal by the justice raise any presumption that an application to set aside. the default had been previously made. *Burns v. Hunton*, 24 Mo. 337.

The result, therefore, is that the judgment of the justice's court remains in force; and the appeal herein must be dismissed. All concur.