Mesker v. Cornwell.

## FRANK MESKER, Plaintiff in Error, v. FRED L. CORNWELL, Defendant in Error.

St. Louis Court of Appeals, November 30, 1909.

1. **EQUITY: Judgments: Suit to Restrain Enforcement.** In a proceeding in equity to restrain the enforcement of a default judgment, the complainant must show, among other things, he was not careless in omitting to defend the action in which the judgment was given.

2. ———: ———: ———: **Mistake.** Where a garnishee in two actions could by the slightest attention to the processes served have known that the garnishments were in different cases, and he permitted default judgment against him in one case by reason of the mistaken belief that the plaintiff in the other action was a judgment creditor in both actions, equity could not restrain the enforcement of the judgment.

3. ———: ———: ———: **Statement of Judgment Debtor not Binding on Garnisher: Evidence.** A statement made the judgment debtor to the garnishee that the garnishment matters had been settled does not furnish any ground for relief in equity against the enforcement of a default judgment rendered against the garnishee, who, in reliance upon said statement, failed to answer the interrogatories exhibited against him.

4. **JUSTICES' COURTS: Garnishment: Default of Garnishee: Proceedings.** Where a garnishee fails to appear and answer the interrogatories exhibited, the garnishing creditor is entitled to a default, and may thereafter proceed to final judgment in like manner as in other cases against a defaulting defendant, or he may have the justice attach the garnishee and compel him to make full answer to the interrogatories.

5. ———: ———: ———: ———: **Justice Should Hear Evidence of Indebtedness Before Rendering Judgment.** Where a garnishee makes default, the justice should not give final judgment against the garnishee, without taking testimony to ascertain whether he was indebted to the judgment debtor, and, if so, in what amount.

6. **EQUITY: Justices' Courts: Garnishment: Default by Garnishee: Effect of Rendering Judgment Without Hearing Evidence.** The act of a justice of the peace in giving judgment against a defaulting garnishee, without hearing proof of his indebtedness to the principal defendant, is a mere irregularity of procedure, and, in the absence of fraud or surprise in procuring the judgment, equity cannot restrain its enforcement.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds,* Judge.

**AFFIRMED.**

*R. M. Nichols* for plaintiff in error.

(1) Mesker's mistake or confusion that both garnishments originated upon judgments in favor of Leo Hadley and his arrangement with Hadley as to the disposition of both, was such an uncontrollable accident or mistake, unmixed with any negligence on his part, as to warrant the interference of a court of equity as against the judgment rendered, especially where it is admitted, as in this case, that Mesker owed Niehaus nothing. Reed's Admr. v. Hansard, 39 Mo. 199; Cyc. Law & Proc., vol. 23, p. 1012; High on Injunction (2 Ed.), vol. 1, p. 135, sec. 209 *et seq.*; Cyc. Law and Proc., vol. 27, p. 807; Cyc. Law and Proc., vol. 1, p. 227; 16 Ency. Law, p. 383; George v. Tutt, 36 Mo. 141; Davis v. Staples, 45 Mo. 567; Oreg. R. & N. Co. v. Gates, 10 Or. 514; Metcalfe v. Williams, 104 U. S. 93; Day v. Welles, 31 Conn. 344; Weikel v. Cates, 58 Mo. 105; Young v. Morgan, 9 Neb. 169. (2) The demurrer admits that the judgment was rendered without any evidence of plaintiff Mesker's indebtedness to Niehaus, the judgment debtor. It was, therefore, without warrant in law and in the face of the statute and is absolutely void for that reason if for no other. R. S. 1899, sec. 3949; Brotherton v. Anderson, 6 Mo. 388; Laughlin v. January, 59 Mo. 383. (3) The petition avers and the demurrer admits that Mesker has a just defense against the judgment to the effect that he does not owe the judgment debtor anything, showing thereby that the judgment is unjust, and if allowed to stand would be a legal robbery. Sauer v. City of Kansas, 69 Mo. 46; Const. Co. v. Const. Co., 112 Mo. App. 147; Steyermark v. Landan, 121 Mo. App. 402. (4) The demurrer ad-

mits the averment "that the said C. J. Niehaus assured plaintiff that all of said matters had been fully settled and all parties thereby were satisfied, and no further proceedings would be taken therein," which was a fraudulent representation by one of the parties. Fisher v. Fisher, 114 Mo. App. 627; Johnson v. Chilton, 111 Mo. App. 244; Cross v. Gould, 131 Mo. 585; Payne v. O'Shea, 84 Mo. 29.

*Richard A. Jones*, for defendant in error, filed argument.

GOODE, J.—This appeal was taken from final judgment entered on a demurrer to plaintiff's petition. The action is one in the nature of a suit in equity to restrain the enforcement of a judgment given against the plaintiff as garnishee. Defendant Cornwell is the judgment plaintiff, defendant Niehaus the judgment debtor, and S. J. Young was a constable of the city of St. Louis, in whose hands an execution had been placed which threatened to levy on plaintiff's property. The facts stated are these: Cornwell obtained judgment August 31, 1907, before a justice of the peace in the city of St. Louis, against Niehaus, on a promissory note for $250, dated August 3, 1905. After the rendition of that judgment plaintiff was summoned as garnishee, to-wit, on October 14, 1907, to appear October 29th, to answer interrogatories that might be exhibited to him. On April 13, 1907, or more than four months prior to the institution of the action by Cornwell, Leo G. Hadley instituted a suit against Niehaus before a justice of the peace on a promissory note, and obtained judgment against him April 26, 1907, for $218.50. Plaintiff was summoned as garnishee on that judgment, but at what date is not stated in the petition. Plaintiff alleges he became confused about the two garnishments, forgot Cornwell was plaintiff and judgment creditor in one of them, and believed both causes of action had been in-

stituted by Hadley. Therefore he took up the matter with Hadley and reached an understanding with him that he would cease all further proceedings, and plaintiff believed the agreement covered both of said suits in which he had been summoned as garnishee, that they had been settled and there was no use for him to appear before the justice to answer interrogatories. It is further alleged plaintiff was informed by Niehaus "all of said matters had been fully settled, all parties had been satisfied, and no further proceedings would be taken thereon." The dates when these understandings were reached between plaintiff and Hadley and plaintiff and Niehaus, are not stated, but plaintiff says he relied on the statement of Niehaus and on his belief that Hadley was the plaintiff in both actions against Niehaus, and therefore paid no further attention to the Cornwell garnishment. On November 22, 1907, said garnishment proceeding was called by the justice, "a default taken against plaintiff, and without setting said matter down for inquiry, and without any evidence as to plaintiff's liability on the indebtedness to said Niehaus, the said justice proceeded to and did render judgment against plaintiff herein for $281.40, in favor of defendant Fred C. Cornwell." Plaintiff avers he did not then and does not now owe Niehaus anything and the judgment was wholly without merit and unjust; was rendered on account of plaintiff's omitting to take the proper steps to prevent it by reason of his forgetfulness as aforesaid, his belief that Hadley was judgment creditor in both judgments given by the justice of the peace against Niehaus, and in reliance on the representation the matters had been finally settled and disposed of and plaintiff need pay no further attention to them. It is further averred plaintiff did not know a judgment had been rendered against him in the Cornwell proceeding until December 20, 1907, or nineteen days after its rendition, and after the time had expired in which plaintiff could file a motion to set aside the de-

fault or take an appeal. It is alleged that plaintiff is remediless at law and therefore prays restraint against the enforcement of the judgment or the levy of the execution issued upon it. Such, in substance, are the statements of the petition. The reasons assigned for demurring to it are that it does not state facts sufficient to constitute a cause of action, and fails to disclose any equity which would justify the court in preventing collection of the judgment.

The facts stated in the petition show a hardship will be suffered by plaintiff if he is compelled to pay the judgment rendered against him, as garnishee, and we would gladly relieve him if we could consistently with the rules of equity applicable to a suit of this kind. The essential facts upon which relief is prayed are: First, that plaintiff owed Niehaus, the judgment debtor, nothing, and therefore is not liable as garnishee to Cornwell; second, plaintiff was prevented from answering the garnishment by believing Hadley was the judgment creditor in both actions against Niehaus and that consequently the arrangement he made with Hadley included the Cornwell garnishment and by Niehaus' declaring all matters involved in both actions had been settled and plaintiff need pay no further attention to them; third, the erroneous procedure of the justice of the peace in entering judgment by default against plaintiff without hearing evidence to ascertain whether he owed Niehaus, and, if so, how much.

For a suit of this character to be successful, the complainant must show, among other things, he was not careless in omitting to defend the action in which the judgment was given. [2 Freeman Judgments (4 Ed.), sec. 486, and cases cited.] Plaintiff was to blame for his mistaken belief that Hadley was judgment creditor in both the garnishments in which plaintiff was summoned as garnishee. The two names Hadley and Cornwell, bear no resemblance to each other, either in spelling or sound, and the slightest attention to the writs of summons

would have apprised any one the garnishments were in different cases. This point is too plain for debate, and relief has been denied in other cases where it was demanded on like facts; denied although the confusion in the complainant's mind which prevented him from making his defense at law was due to a similarity of names. [Head v. Pitzer, 2 Mo. 299; Field v. Matson, 8 Mo. 686; Austin v. Nelson, 11 Mo. 192; Webster v. McMahan, 13 Mo. 582.] The petition does not allege fraud on the part of Cornwell nor any statement by which he misled plaintiff.

Niehaus is alleged to have told plaintiff the garnishment matters had been settled, but Cornwell was not responsible for this statement, and it constitutes no ground for relief, as was decided in the similar case of Walker v. Shrene, 87 Ill. 474.

The justice should not have given final judgment against plaintiff as garnishee without taking testimony to ascertain whether plaintiff was indebted to Niehaus, and, if so, in what amount. Cornwell as garnishing creditor was entitled to default and thereafter to proceed to final judgment in like manner as in other cases against a defaulting defendant; or, at his option, he could have had the justice attach plaintiff and compel him to make full answers to interrogatories. R. S. 1899, sec. 3464. As Cornwell did not ask for an attachment, the justice should have heard allegations and proof regarding plaintiff's indebtedness to Niehaus and have determined the cause as the very right thereof appeared from the testimony. [Revised Statutes 1899, sec. 3967; Brotherton, Admr., v. Anderson, 6 Mo. 388; Roach v. Coal Co., 71 Mo. 398.] But giving judgment without hearing testimony, as directed by the statute, was an irregularity of procedure and equity does not restrain the enforcement of a judgment because irregularities occurred in the proceedings leading up to it, unless there was fraud or surprise in procuring the judgment, or some other element which gives equity jurisdiction. [2

Freeman, sec. 487; 16 Am. and Eng. Ency. Law (2 Ed.), 389 and cases cited in those two works; McGindley v. Newton, 75 Mo. 115; Jennison v. Hapgood, 7 Pick. 1.] Freeman says: "All errors of decision and of proceeding must be settled by the tribunals in which they originate, or by an appeal to some appellate tribunal; and in no case will a court of equity take upon itself a revisory jurisdiction. . . . . As a final judgment or decree cannot be avoided in equity on account of any errors of law entering into it and affecting the merits of the controversy, it could hardly be contended that mere errors. in proceeding could have a greater effect. It is therefore conceded that equity will not interfere with a judgment on account of the alleged irregularities occurring in the exercise of lawful jurisdiction." [Freeman, sec. irregularities of procedure, and among them are want of irregularities of procedure and among them are want of evidence, for which the courts of equity have refused to grant relief against judgments. Plaintiff's counsel relies on the case of Brotherton, Admr., v. Anderson, supra. But there the application for relief because the justice had rendered judgment against the garnishee without hearing evidence, was presented in the form of a motion to the justice to set the default aside. The motion having been filed and overruled, a writ of error was sued out and the Supreme Court held the judgment should have been vacated on the motion. That case was not in equity and is not at all in point; but there is one feature of it which perplexed us greatly until we found it had been overruled in Roach v. Coal Co., supra. The Supreme Court held the motion to set aside the default should have been sustained though it was filed two years after the default had been taken; whereas the statute then in force, and the one now in force, said such an application must be filed within ten days. [Revised Statutes 1835, p. 395, sec. 3; Revised Statutes 1899, sec. 3969.]

The judgment is affirmed. All concur.