Wash, J.,
delivered the opinion of the Court.
The plaintiffs in error brought suit against the defendant in error, before a Justicof /the Peace, and had judgment by default, frcm-whicK the defendant appealed to the Circuit Court, where the judgment by default was set aside or reversed, and the plaintiffs in error now prosecute their writ of error in this Court to reverse the judgment of that Court. The original summons served oír the defendant required Mm to appear and answer Thomas Barnett &-Ivers, &c.; the defendant appeared, and after several continuances, not appearing on the day set for trial, a judgment by default was rendered against him, which upon motion and cause shown by the defendant, was on the next day set aside ; the cause was afterwards submitted to a jury, who, not being able to agree on<v verdict, wore' discharged by the consent of parties ; afterwards, on the day appointed for trial, the defendant again made default, when a a jury was called to assess damages, and rendered a verdict, on which judgment was entered up against Lynch. Ten days thereafter, the defendant (without having made any motion to have the judgment by default sot aside, and a new trial granted) prayed an appeal, which was allowed. On the trial in the Circuit Court, the judgment of the Justice was reversed on (he ground that the Christian name of Ivers, one of the plaintiffs, was omitted, and the cause has been brought here to reverse the judgment of the Circuit Court. The points relied on are,
First. That the Circuit Court had no jurisdiction of the cause, the appeal having been improperly allowed by the Justice, <
Second. That the defect in the summons in omitting the Christian name of Ivers, was cured by the appearance of the defendant, and- the proceedings before the Justice ; and the judgment of the Justice improperly reversed for that defect.
As to the first point it is provided, Rev. Code p. 481, sec. 22, “ that no appeal shall be allowed in any case where the judgment shall have been rendered by default, or of non-suit, unless the Justice of the Peace shall first have refused to grant to the party aggrieved, a new trial; if the same be applied for within twenty days from the rendition of the judgment. The counsel for the defendant in error contends that this provision of the Rev. Code is repealed by the act of the General Assembly passed on *262 the 23d Dec., 1826, entitled “ An act supplementary to an aot entitled an act establishing Justices’ Courts and regulating the collection' of small, debts,” (sess. acts, p. 33,) the 2d section of which provides that in all cases within the jurisdiction of a Justice of the Peace, any person or persons who may think himself or themselves aggrieved by the judgment of said Justice, may by himself or agent have liberty to appeal therefrom within ten days thereafter, and the bond or recognizance required by law to be entered into, shall be given on the day the appeal is granted. The 22d sec. of the Rev. Code containing the proviso above recited, is in nearly the same words. The only difference is, that the act of 182& allowed twenty days for taking the appeal, and fixed no-time for entering into the recognizance the time is shortened- by the act of 1826, to ten. days, within. which>the appeal may be taken, and requires the recognizance to be given on the day the appeal is granted ? the objects of the second-act are obvious enough, I he provisions are no way inconsistent, and it seems to. us clear that the proviso to the 22d sec. in the Rev. Code is not repealed or affected by the act of 1826 ;• the first point is therefore ruled for the appellants, and this would render it unnecessary to decide the second point. But as the law is very clearly with the appellants on this point also, it seems best not to pass it by.
This- objection to the summons, if indeed it could have been raised at any time,, (which may. be doubted, 7 Peters, 431,) was certainly waived by the repeated' appearance of- the defendant and the proceedings before the Justice. The judgment of the Circuit. Court, is therefore reversed, and the cause remanded..