LYDIA P. MOORE, Plaintiff in Error, v. CHARLES P. DAMON, Defendant in Error.

### May 22, 1877.

1. An appeal from the judgment of a justice not taken in time is no appeal, and a bond taken in such case is void. A Circuit Court acquires no jurisdiction of a case on such an appeal, and an order made therein for additional security is a nullity.

2. A judgment, until reversed, is binding, but when reversed and the law declared, that law is to be considered as having existed from the first.

ERROR to St. Louis Circuit Court.

*Affirmed.*

LAUGHLIN & CAMERON, for appellant: Estoppel. One having executed an appeal bond, is estopped to deny that an appeal has been taken.— *Levi* v. *Dorn*, 28 Ohio, 217; *Love* v. *Rochwell*, 1 Wis. 382, and cases cited; *Morse* v. *Hudson*, 5 Mass. 316; *Grant* v. *White*, 42 Mo. 290; *The People* v. *Falconer*, 2 Sandf. 81; *Bates* v. *Williams*, 43 Ill. 494; *McNamee* v. *Moreland*, 26 Iowa, 110.

D. GOLDSMITH and GEORGE W. TAUSSIG, for respondent: An appeal bond given in a case where the appeal was not taken in time is void, and the sureties thereon are not liable.— *Moore* v. *Minkler*, 3 Mo. App. 596; *Garnet* v. *Rodgers*, 52 Mo. 145; *Kinser* v. *Shands*, 52 Mo. 325; *Adams* v. *Wilson*, 10 Mo. 341.

HAYDEN, J., delivered the opinion of the court.

This case arises from the facts stated in the opinion delivered in the case of *Moore* v. *Minkler*, No. 117 of the present term. Minkler, whose surety the present respondent is, and who was himself originally a defendant in this suit, occupied the premises in that case sued for, as tenant of the plaintiff. Proceedings in unlawful detainer were then taken by the present plaintiff, judgment was rendered for restitution, for $120 damages, and $200 monthly rent from August 18, 1873, until restitution, and Minkler applied for an appeal. On August 25th he filed with the justice a recognizance, in the form prescribed by the 18th section of the 2d article of the Forcible Entry and Detainer Act (Wag. Stat. 652, sec. 18). By it he, as principal, and this respondent, as his surety, acknowledged themselves indebted to the plaintiff in the sum of $800, upon the condition recited, that whereas Minkler had appealed, etc., that if Minkler should prosecute his appeal with effect and without delay, and neither commit nor suffer any waste, etc., and should pay all rents and profits, damages and costs,

that might be adjudged against him, and otherwise abide the judgment of the Circuit Court, then the bond should be void, otherwise in force. In the Circuit Court the judgment was for the plaintiff, as stated in the opinion above referred to; but before the judgment was rendered, and on November 10, 1873, upon motion of plaintiff, the court ordered the defendant to file an additional recognizance in the sum of $1,000; and accordingly, on November 28, 1873, Minkler filed another recognizance, in form the same as the previous one, but reading, "in the additional sum of $1,000," to which the respondent's name was signed as surety, and which was approved in open court, and filed. Appeal was taken to the general term by Minkler, and the judgment in the case against him being there affirmed, Minkler sued out a writ of error to the Circuit Court from the Supreme Court, whence the case was transferred to this court. In the Circuit Court it was decided that the appeal from special to general term should not act as a *supersedeas;* nor did it, as the defendant failed to file a bond.

The petition in the suit at bar contains two counts, — one on the first recognizance, the other on the second. Before the trial an agreed statement of facts was made, which set forth, in substance, the facts as they appear in the opinion delivered in the case of *Moore* v. *Minkler,* and those above stated. At the time the agreed statement was made, that case was pending in the Supreme Court. There was a stipulation in the agreed statement, to the effect that if the court should find for plaintiff as to both causes of action, judgment should be rendered for the aggregate of the bonds, and execution be issued for $1,396.15, the amount of plaintiff's damages, interest, and costs; and in case the court should find on either of the other instruments, then judgment should go accordingly. The court sustained a demurrer to the plaintiff's evidence; judgment was therefore given for the defendant, and the plaintiff appealed.

The defence set up below was that set up in the case of

*Moore* v. *Minkler*, — that the appeal from the justice in that case was not taken in time, that consequently there was no appeal, and that the recognizances were void. If the question now presented were an original one, we should have serious doubt as to its solution. The decision in *Moore* v. *Minkler* was almost a matter of course. To say that a court can acquire jurisdiction of a cause of action by estoppel of a party to it is to state a proposition clearly untenable. But the present question is a very different one. It is, however, useless to discuss it, as we consider ourselves bound by the decisions of the Supreme Court. *Adams* v. *Wilson*, 10 Mo. 341; *Garnet* v. *Rodgers*, 52 Mo. 145. It is urged by the appellant that in these cases it does not appear that the appellees were injured by the appeal; but that can make no difference in the principle. The ground of the decisions just cited is that the justice had no right to take the recognizances when he did take them; that, not being taken in proper time, they were void. Many arguments may be urged to show that the recognizances should not be considered void. In favor of the rule adopted by the Supreme Court, however, as a general rule, there is this to be said : that, as the failure to file the recognizance with the justice in proper time is good ground for dismissing the appeal, the appellee has it always in his power to secure a dismissal of the proceedings in the Circuit Court.

If, as the Supreme Court decides, the justice has no right, under circumstances like those which existed in the present case, to take a recognizance, no jurisdiction to allow an appeal, and it follows thence that the bond is void, it is difficult to see how the recognizance which forms the subject of the second count of the petition can be declared binding. The Circuit Court had no jurisdiction, and its order for additional security was a nullity. It is true that, under these circumstances, the act of Minkler in giving the recognizance may be considered his voluntary act. The question is whether there is a difference between the two cases on

which an essential distinction can be founded.    We believe
it is impossible to suggest any.

It is urged that this court has held that the judgment of
the Circuit Court in the case of *Moore* v. *Minkler* was bind-
ing until reversed (see opinion on motion for rehearing
in that case) ; that, accordingly, it was binding when the case
at law was tried in the court below, and thus fully answered
the condition of the recognizance.    But though that judg-
ment was such until reversed, and therefore  this court
would look into it to declare that it was no judgment (but
not to do any thing further), yet when reversed and the law
declared, that law is to be considered as having existed
from the first.    To hold the contrary would be directly at
war with the theory on which our system of law is based,
and would be to declare that it is the province of the courts
*jus dare non jus dicere.*

The judgment must be affirmed.    All the judges concur.