W. M. Hessey, Respondent, v. F. Heitkamp, Appellant.

### May 4, 1880.

In a proceeding under a landlord's summons, where the jurisdictional fact that the justice resides in the ward in which the property lies, or in an adjoining ward, does not appear, the judgment is void, the Circuit Court acquires no jurisdiction on appeal, and the appeal-bond is void.

Appeal from the St. Louis Circuit Court, Adams, J. *Reversed and dismissed.*

L. Gottschalk, for the appellant, cited : *Bast* v. *Ketchum,*

5 Mo. App. 433; *O'Fallon Building Co.* v. *Rodrigues*, 6
Mo. App. 576; *Moore* v. *Damon*, 4 Mo. App. 111.

R. H. KERN, for the respondent, cited: *Braman* v.
*Perry*, 12 Pick. 118.

LEWIS, P. J., delivered the opinion of the court.

In December, 1872, the plaintiff sued one Allison before
a justice of the peace, under the act concerning landlords
and tenants, for possession and $33.35 accrued rent.
Judgment was rendered for the plaintiff according to his
complaint, and the defendant took an appeal, with the
present defendant as his surety in the recognizance. The
Circuit Court affirmed the judgment of the justice for the
same amount, adding nothing for the continued occupancy
of the tenant during the pendency of the suit. Execution
was issued, and the amount of this judgment was duly col-
lected.

The appeal recognizance contained a condition for the
payment of "all rents that have or may accrue." The
present action is for recovery, under this condition in the
recognizance, of the amount of rent that accrued during
the pendency of the former suit. Plaintiff obtained judg-
ment before a justice of the peace, and also, on defendant's
appeal, in the Circuit Court.

The incident that first attracts attention in this proceed-
ing is the absolute nullity, under the rulings of this court,
of the proceedings under the Landlords and Tenants' Act.
It nowhere appears in the record of that case that the
justice before whom it was begun and determined was a
"justice of the peace in the ward in which the property is
situated, or in any adjoining ward." Wag. Stats. 882,
sect. 33.

The rented premises are described as "a certain two-
story brick dwelling-house, situated on the north-west cor-
ner of Mercer and Spring Streets, in the Fifth Ward in the
city of St. Louis, in St. Louis County." The most definite

description of the justice, anywhere in the papers, informs us that he is a "justice of the peace in and for the county of St. Louis and State of Missouri." We can have no judicial knowledge of the part of St. Louis County in which the justice resided, or whether it was in the Fifth Ward of the city, or in any ward adjoining it. This jurisdictional defect has been repeatedly held to render all the proceedings null in such a case. *Bast* v. *Ketchum*, 5 Mo. App. 433; *Allen* v. *Scharringhausen*, 8 Mo. App. 229; *O'Fallon Building Co.* v. *Rodrigues*, 6 Mo. App. 576.

It might be held, upon grounds apparently satisfactory, that, notwithstanding the insufficiency of those proceedings, for the reasons stated, the recognizance might be binding on the defendant as a voluntary obligation. But the Supreme Court has long since settled the law, and this court has uniformly followed its rulings to that effect, that the recognizance is void for every purpose, and of no obligatory force whatever upon the sureties, when the appeal is not properly taken from the judgment of the justice, or, which is the same thing in effect, when the Circuit Court has acquired no proper jurisdiction of the cause. *Adams* v. *Wilson*, 10 Mo. 341; *Garnet* v. *Rogers*, 52 Mo. 145; *Moore* v. *Damon*, 4 Mo. App. 111. We must therefore hold that no recovery can be had on the recognizance sued upon in the present case.

The judgment is reversed and the cause dismissed. All the judges concur.