State of Missouri, Respondent, v. Benjamin Derkum, Appellant.

Kansas City Court of Appeals, November 7, 1887.

1. Crimes and Criminal Procedure—Information—Construction of Word "Vacation" in Section 1769, Revised Statutes. Under section 1769, Revised Statutes, providing for the issue of a warrant, upon the filing of the information authorized by section 1762, Revised Statutes, the word "vacation," used in said section 1769, has reference to the vacation between courts—between a term and the "next term thereafter." The term has the same meaning in both sections.

2. ——— ——— Filing of Information—Record Entry—Case Adjudged.—Where there is no record entry of the filing of the information (as in this case), this does not render it invalid. If the date of filing is properly indorsed, and signed by the clerk on the back thereof (as in this case), it is sufficient.

3. —————— —————— AFFIDAVIT—JURAT.—A clerical error in writing circuit court to the *jurat* instead of ̧circuit clerk, where the record in the case shows that the clerk was intended, ought not to invalidate the affidavit.

4. —————— —————— ENDORSING OF BY PROSECUTING ATTORNEY—EFFECT OF FAILURE TO DO SO. — It is not necessary for the prosecuting attorney to endorse the information as a prosecuting witness, and his failing to do so would not have the effect of invalidating the information.

APPEAL from Cole Circuit Court, HON. E. L. EDWARDS, Judge.

*Affirmed.*

The case is stated in the opinion.

EDWARDS & DAVISON, for the appellant.

I.   The affidavit is made before W. H. Lusk, circuit *court*, by C. W. Wallendorf, D. C.   There is no such officer known as "circuit court," and hence the information is not sworn to as required by law, and the motion to quash it should have been sustained.   Sect. 1762, Rev. Stat.   It is true in this case the transcript shows that W. H. Lusk was circuit clerk, and C. W. Wallendorf his deputy, but there was no effort to show this fact on the trial, or to amend the affidavit or complaint.

II.   This information was filed on the fourth day of January, 1886.   At this time the December term of the circuit court for 1885 had not adjourned, but had only adjourned over for the holidays, and during this adjournment this information was filed with the clerk. This was in violation of the statute, and for this reason the motion to quash should have been sustained.   Rev. Stat. 1879, p. 298, sect. 1762.

III.   An examination of the record of the court in the transcript will disclose the fact that the information in this case was never filed in the court, or became a part of the record, and hence the court had no jurisdiction to hear and determine the same.   It is evident that the

prosecutor can only file an information against a person for a violation of law in two cases, if he is governed by the statute : First, he must know of his own knowledge of the commission of the offence, or, second, it must be upon the affidavit of some witness competent to testify in the case. Rev. Stat. 1879, sects. 1762, 1763; *State v. Kirschner*, 23 Mo. App. 349.

No brief for the respondent.

Ellison, J.—This is a proceeding begun by the prosecuting attorney filing an information against defendant, for selling liquor without license.

Defendant filed a motion to quash the information, which being overruled, and his conviction following, he appeals to this court.

I. The first point presented is that the information was filed during term time, with the clerk, and not in the court, and, therefore, was not a legal complaint against defendant, under section 1762, Revised Statutes. The circuit court of Cole county convened December 7, 1885, and, on December 23, adjourned to January 11, 1886. The information was filed January 4, 1886. There was no entry made of record of the filing of this information, and we have, in the transcript before us, simply the usual entry made by clerks of matters transpiring in vacation. Defendant contends that it was not "in vacation of the court," as contemplated by the statute (*supra*), when this information was filed, and hence was not filed in any place contemplated by law.

We are told by defendant's counsel that the court below considered the information was filed in vacation, by reason of section 3126, Revised Statutes, as amended in Laws of 1885, page 191, wherein it is provided that, "whenever any act is authorized to be done by, or any power given to, a court or judge thereof, in vacation, or whenever any act is authorized to be done by, or any power given to, a clerk of any court, in vacation, the

words, 'in vacation,' shall be construed to include any adjournment of court for more than one day." But the first portion of that section enacts that, "the construction of all statutes of this state shall be by the following additional rules, unless such construction be plainly repugnant to the intent of the legislature, or of the context of the same statute."

Under the authority of this portion of section 3126 (if, indeed, such authority was needed), we will construe sections 1762 and 1769 together, and in that way ascertain if the words, "in vacation," in section 1762, mean a mere adjournment of the court for more than one day. By section 1769, it is provided that, upon the filing of the information authorized by section 1762, a warrant shall issue; that "if such warrant be issued in term, it shall be made returnable forthwith; but if issued in vacation, it shall be made returnable to the next term thereafter, and if defendant be arrested during the term he shall be brought into court; but if he be arrested in vacation of the court, the officer" shall bail him, etc. It would appear to be clear from the terms of this section that the vacation spoken of has reference to the vacation between courts—between a term and the "next term thereafter."

It is out of the question to suppose the legislature meant one thing by the term, "in vacation," in section 1762, and a different thing, by the same term, relative to the same matter, in section 1769. It being, therefore, in term, when this information was filed, notwithstanding the adjournment of the court for more than one day, the question remains, was the information filed with the clerk, or with the court?

It is assumed by counsel that, since there is no record entry of the filing, and since the clerk has made the recital in the transcript before us, that the information "was filed in the office of the clerk of the circuit court, in and for the county of Cole," etc., the information was filed with the clerk, as distinguished from a filing with the

court. But at whatever time an information may be filed, whether in term or in vacation, it is deposited with the clerk, as this one was, and receives his endorsement of its filing, as this one did. The place of deposit is the same, and the clerk's idea of his receiving it in vacation or term time cannot alter the fact. His erroneous idea that the court was in vacation does not make it so. But, as before stated, there was no record entry of the filing of the information. I do not think this renders it invalid. The date of its filing is properly endorsed and signed by the clerk on the back thereof. *State v. Grate*, 68 Mo. 22. That case was in regard to an indictment, and gives some reasons why the clerk could not enter the finding of an indictment on the records which would not apply here, but the case taken altogether leads me to regard it as authority in this case.

II. It is next insisted that the information is not sworn to, the point being that the *jurat* is signed, " W. H. Lusk, circuit court, by C. W. Wallendorf, D. C." Since the record throughout shows Lusk to have been the clerk, and Wallendorf the deputy, I think the clerical error in writing circuit *court*, instead of circuit clerk, ought not to invalidate the affidavit. *State v. Downing*, 22 Mo. App. 504.

III. The next objection is, that, as it "was admitted by the prosecuting attorney that he had filed the information on statements made to him by witnesses on the back of the indictment, but that the statements of the witnesses were not made under oath," the information is invalid. If I gather the reasons given in support of this objection, they are that the prosecuting attorney became the prosecuting witness, and his name should have been endorsed on the back of the information, as required by sections 1762 and 1802, Revised Statutes. In the first place, there was no necessity for the prosecuting attorney to endorse the information as a prosecuting witness; and, in the second, if there was, his failing to do so would not have the effect of invalidating the informa-

tion.  In answer to the additional objection made, I will say, that the prosecuting attorney is authorized by law to institute proceedings like this, on information and belief, and that if the information that he receives is such that, under his oath of office, he believes it, he has the sanction of the statute to begin the proceeding. The matter is with him, in the performance of his sworn duty.  If, as suggested by counsel, he should cause the arrest of the innocent, from motives purely of malice, that is a matter of inquiry in a direct proceeding against him, and has no place in the trial of the charge on the information which he institutes.

Other objections urged are covered by what has already been said.

The judgment is affirmed.  All concur.