GEORGE W. WARNER, Respondent, v. MARY DONAHUE et al., Appellants.

St. Louis Court of Appeals, February 17, 1903.

1. **Forcible Entry and Detainer:** JUSTICES' JUDGMENTS: APPEAL: TIME LIMIT: TERMS OF COURT.   Under sections 1699 and 1731, Revised Statutes 1899, providing that the Thirteenth Judicial Circuit shall be composed of the county of St. Louis and

three other counties, and that a term of the circuit court shall be held in one of the other counties on the first Monday in December, another on the second Monday in December, and in the third on the third Monday in December, the judge of the circuit court of St. Louis county adjourned its September term from November 30th to December 30th in order to hold court in the other counties of the circuit. *Held*, that such adjournment did not terminate the September term of the St. Louis County Circuit Court, so that under section 3370, Revised Statutes 1899, providing that an appeal from a justice's judgment in forcible entry shall be returned within six days from the rendition of the judgment if the judgment is rendered in term time, the return day of an appeal from a justice's judgment in St. Louis county during the time when the judge of the circuit court was holding court in one of the other counties was within six days from the rendition of the judgment.

2. ——: ——: COMPUTATION OF TIME: STATUTORY CONSTRUCTION. Under Revised Statutes 1899, article 2, section 4160, subdivision 4, providing that the time within which an act is to be done shall be computed by excluding the first day and including the last, etc., Sunday is to be included in computing the time within which an appeal from a justice's judgment in forcible entry and detainer shall be taken.

3. ——: ——: PRACTICE, TRIAL: JURISDICTION: MOTION: STATUTORY CONSTRUCTION. Sections 3381 and 3382, Revised Statutes 1899, require an appellant from a justice's judgment in forcible entry and detainer to file a certified transcript of the record before the return day of the appeal, and provided that, if he fails to do so, appellee may produce such transcript, and the court shall affirm the judgment, except for good cause shown.

4. ——: ——: ——. An appellant failed to file his transcript within the time limited, and the appellee moved to dismiss the appeal as not taken in time. *Held*, that appellant could not show good cause for his default, so as to justify the court to overrule the motion to dismiss, but, as the appeal had never been perfected by either party, the court was without jurisdiction thereof.

Appeal from St. Louis County Circuit Court.—*Hon. J. W. McElhinney*, Judge.

AFFIRMED.

### STATEMENT.

The action is unlawful detainer commenced before a justice of the peace of St. Louis county. The cause was tried before the justice on December 3, 1901. The

justice took it under advisement and on the sixth day of December, which was Friday, gave judgment for plaintiff. At 6 or 6:30 o'clock p. m. on the twelfth day of December, defendants filed with the justice their affidavit and recognizance for an appeal and demanded a transcript of the proceedings before the justice. The justice approved the recognizance and allowed the appeal and on the succeeding day furnished defendants a certified transcript of the proceedings before him which with the affidavit, recognizance and other papers the defendant filed in the office of the clerk of the circuit court on the same day.

Plaintiff filed the following motion to dismiss the appeal (omitting caption):

"Comes now the plaintiff in the above entitled cause, being now the respondent therein, and moves the court to dismiss the defendant's appeal, for the following reasons.

"Because said cause, being a cause of action originating and having been tried before the justice from whom the appeal was taken, under the forcible entry and detainer act, and having been tried and judgment rendered therein, during the term of this court, as shown by the transcript filed in said cause, and by the records of this court, and the appeal taken by the defendant, not having been taken and the transcript returned to this court, within six days after the date of the judgment appealed from, this court acquired, and now has no jurisdiction in said cause of action."

To sustain the motion plaintiff read in evidence the following stipulation:

"It is admitted that on the 30th day of November, 1901, the September term of the circuit court of St. Louis county, Missouri, adjourned until the 30th day of December, 1901; that during the month of December, 1901, the judge of the circuit court of St. Louis county, Missouri, was engaged in holding the circuit courts of Osage, Gasconade and Franklin counties, Missouri, and

completed his work in these counties on the 21st day of December, that year. That on the 30th day of December, 1901, the circuit court of St. Louis county was convened, pursuant to adjournment, and from the 30th day of December, 1901, until the adjournment of the September term of said circuit court of St. Louis county to court in course, which was on Saturday, January 11th, 1902, the said circuit court of St. Louis county was solely engaged in the trial of criminal cases, and that during said period of time no civil cases were tried or set for trial.''

Defendants offered the following evidence: First, that the sixth day of December, 1901, was on Friday. Second, the evidence of John Donahue, one of the defendants, who testified in substance that he went to the justice's office December 12th about 6 p. m., not later than 6:30 p. m. and demanded a transcript to be filed in the office of the clerk of the circuit court, and the justice said to him that, ''He couldn't possibly get it for me that evening. It would take him two hours to do it, and he said to me that he would file the papers himself, and I insisted on having the papers and explained to him that it was necessary for me to have them, and he finally went and got a book and showed me that he was supposed to file the appeal, and he got his book out and he said I was right, that we were supposed to file the appeal; so I told him we would like to have it right away, and he said I should not be in a hurry, that we had got six days from this time, which would be six days after the 12th of December;'' that he went back to the justice's office on the next day and got the transcript and other papers and filed them with the clerk of the circuit court; that he told the justice that his counsel advised him that the transcript should be filed with the clerk on the twelfth.

George L. Edwards, defendants' counsel, testified as follows:

''I will state to the court that when the case was

tried before the justice of the peace he held his court in a place called Georgetown, two or three miles south of Kirkwood; that at the conclusion of the trial I asked the justice, after he announced that he was going to take the case under advisement, if he would write me when he had decided the case, and he said, no, that he would telephone me immediately on his having reached a decision in the case. He asked me for my telephone number, which I gave him, and he never, at any time, notified me of his decision in the case, either by telephone or by letter. The first I knew the case had been decided was the information that I got from the counsel for the plaintiff, Mr. Taylor, which was on Monday evening following the date of the judgment, according to my best recollection.''

D. C. Taylor, counsel for plaintiff, testified that he informed Edwards on Monday following Friday, December 6th, that the justice had rendered judgment in favor of the plaintiff.

The court took the matter under advisement and on March 10, 1902, sustained the motion to dismiss the appeal. Plaintiff took the necessary steps to preserve his exceptions to the rulings of the court and appealed from the order dismissing the appeal.

*Geo. L. Edwards* for appellants.

(1) The statute makes it the duty of the appellant in an action like this to file in the office of the clerk of the circuit court a certified transcript of the record and proceedings before the justice, together with the original papers in the cause ''on or before the return day of the appeal.'' If the appellant fail to file such transcript and other papers as required, ''the appellee may produce such transcript and papers, and the court shall affirm the judgment, unless the appellant shall show good cause for his default.'' Secs. 3381 and 3382, R. S. 1899. (2) ''In all cases where the complainant shall have removed the cause by certiorari

or appeal, and shall not have filed a sufficient affidavit or recognizance, and shall fail to perfect the same according to the order of the court, or shall have failed to file any affidavit or recognizance within the time required by law, or shall not prosecute his suit or appeal, the same shall be dismissed. In case of such default by a defendant suing out a certiorari, judgment may be rendered against him by default; or, in case of appeal if he be appellant, the judgment of the justice may, be affirmed or the appeal dismissed." Secs. 3387 and 3388, R. S. 1899. (3) "It has always been held that Sunday is not to be counted as a part of the time allowed for judicial proceedings, nor any matters of practice or procedure in the courts." Diesing v. Reilly, 77 Mo. App. 455; Bank v. Williams, 46 Mo. 20; Cattell v. Dispatch Co., 88 Mo. 360; State v. Guillett, 121 Mo. 447; Maloney v. Railroad, 122 Mo. 115; State ex rel. v. McGowan, 62 Mo. App. 627; State v. May, 142 Mo. 149.

*D. C. Taylor* for respondent.

(1) The appeal not having been perfected in time the court may dismiss the appeal, as it acquired no jurisdiction of the cause of action. Sec. 3387, R. S. 1899. (2) The record shows that the transcript was not filed within six days, unless the intervening Sunday be excluded, the cause having been tried on December 6, 1901, which was Friday. As Sunday was neither the first nor the last day of the six it should have been, as it was by the circuit court, included in the six days allowed appellant to perfect his appeal. Sec. 4160, R. S. 1899; Lieberman v. Findley, 84 Mo. App. 387; State ex rel. v. Stuckey, 78 Mo. App. 545; Patchin v. Bonsack, 52 Mo. 431.

BLAND, P. J.—1. Section 3368, of the forcible entry and detainer act (R. S. 1899) allows an appeal to the aggrieved party.

Section 3369, of the act, provides that no appeal

shall be allowed unless applied for and an affidavit and recognizance filed within ten days after the rendition of the judgment and before the return day of the appeal.

Section 3370, of the act, provides that the return day of the appeal shall if the judgment is rendered in vacation of the circuit court, be on the first day of the next term thereof, but if the judgment is rendered in term time of the circuit court, the return day of the appeal shall be within six days from the rendition of the judgment.

Section 3381, of the act, requires the appellant to file in the office of the clerk of the circuit court a certified transcript of the record, etc., in the justice's court on or before the return day of the appeal.

The next section (3382) provides that if the appellant fails to file the transcript, etc., on or before the return day of the appeal, the appellee may produce such transcript and papers and the court shall affirm the judgment, unless the appellant shall show good cause for his default.

Because the circuit court of St. Louis county adjourned its September term from November 30, to December 30, 1901, and during the thirty days of adjournment the judge was engaged in holding terms of court in other counties of his circuit, defendants contend there was no term of the St. Louis County Circuit Court during the month of December, 1901, and that the appeal was not returnable until the next regular term and, hence, they had ten days in which to perfect their appeal.

The Thirteenth Judicial Circuit is composed of St. Louis, Franklin, Gasconade and Osage counties, (sec. 169, R. S. 1899).

Section 173, Revised Statutes 1899, requires that a term of the circuit court shall be held in the county of Osage on the first Monday in December, in the county of Gasconade on the second Monday in December, and in the county of Franklin on the third Monday in De-

cember; hence, it is apparent that the September term of the St. Louis County Circuit Court was adjourned from November 30th to December 30th for the purpose of enabling the judge to hold the regular terms of court in other counties of his circuit as required by law.

It is contended that the two terms of circuit court can not co-exist in one and the same circuit and that when the judge opened court in Osage county on the first Monday in December, the September term of the St. Louis County Circuit Court was thereby ended. A term of court has been defined to signify the period from the first day of the term fixed by law until court is adjourned to the next court in course, and the word "vacation" has been held to mean the period between the day on which a term of court is adjourned to the next court in course, or until the day of the beginning of another term and not the mere interval when, for any reason, the court is not in session and is adjourned over for more than a day. State v. Derkum, 27 Mo. App. (K. C.) 628; Hadley v. Bernero, 97 Mo. App. 314; Bronson v. Schulten, 104 U. S. 1. c. 415; Brayman v. Whitcomb, 134 Mass. 525. Under these authorities we hold that the month of December was embraced in the September term, 1901, of the St. Louis County Circuit Court and the appeal from the justice's court was taken during a term of the circuit court.

2. Appellants insist that the Sunday following the Friday on which the judgment was rendered by the justice should be excluded from the count of the days in determining the return of the appeal. If Sunday be excluded then the return day of the appeal was December 13th and the transcript was filed in time. The fourth subdivision of section 4160, Revised Statutes 1899, article 2, entitled, "Construction of Statutes," provides that "the time within which an act is to be

done shall be computed by excluding the first day and including the last, if the last day be Sunday it shall be excluded.''

In Patchin v. Bonsack, 52 Mo. 431, and Lieberman v. Findley, 84 Mo. App. (K. C.) 315, it was ruled that in computing the time limited for perfecting an appeal from a justice's court, Sunday is to be included.

In the City of St. Joseph ex rel. Saxton Nat. Bank v. Landis, 54 Mo. App. (K. C.) 315, it was held that in computing statutory time Sunday is to be included. The statute and these decisions are against defendant's contention and we hold that they did not perfect their appeal within six days from the rendition of the judgment by the justice.

3. It is further contended that under the provisions of section 3382, supra, defendants showed good cause for their default and the court should have overruled the motion on the evidence. This section can be invoked only when the appellant fails to file a transcript together with the original affidavit, recognizance and other original papers. In such case, after the return day of the appeal, the appellee may file such a transcript, etc., and move for judgment on the transcript he has produced and filed. Bernicker v. Miller, 37 Mo. 498. The plaintiff did not do this nor could he have done so. He moved to dismiss the appeal on the ground that it was taken out of time and for this reason the court had no jurisdiction over the subject-matter of the suit. To confer jurisdiction on the circuit court over the subject-matter of the suit it was essential that the appeal should have been perfected by filing a transcript, etc., in the office of the circuit clerk on or before the return day of the appeal. Robinson v. Walker, 45 Mo. 117; Holman v. Hogg, 83 Mo. App. (St. L.) 370; Bauer v. Cabanne, 11 Mo. App. 114.

The defendants having failed to perfect their appeal within the time allowed by law, the circuit court

acquired no jurisdiction over the subject-matter of the suit and rightfully dismissed the appeal.

The judgment is affirmed. *Reyburn* and *Goode, JJ.*, concur.