FOREST C. V. KARICOFE by W. R. A. KARICOFE, Next Friend, Appellant, v. J. O. SCHWANER, Respondent.

Kansas City Court of Appeals, June 11, 1917.

1. **UNLAWUL DETAINER:** Justice Courts: Appeal: Jurisdiction. In an unlawful detainer suit the justice court has exclusive original jurisdiction and unless an appeal therefrom is applied for within the time allowed by statute, no jurisdiction over that case is acquired by the circuit court. Nor, in such case, will the appearance in the circuit court of the opposite party confer jurisdiction.

2. ———: ———: ———: ———: Evidence: Term of Court; Judicial Notice. If the judgment of the justice in an unlawful detainer suit be rendered during the term of the circuit court, the appeal is returnable within six days after rendition of judgment; and no appeal can be allowed unless the same be applied for and an affidavit and recognizance filed with the justice before the return day of the appeal. If the judgment of the justice be rendered during the vacation of the circuit court the first day of the next term is the return day. The court of appeals can take judicial notice of the beginning of a term of the circuit court but not of the end.

3. ———: ———: ———: ———: ———: ———: ———: Judgment: Collateral Attack. Where the power of the circuit court to pass upon a particular case rests solely upon a matter *in pais*, its judgment is not open to collateral attack but is valid until it is reversed by appeal or writ of error or is annulled by other direct attack. The action at bar being a suit to set aside a judgment of the circuit court rendered at a former term, cannot be sustained

on the ground that the appeal from the justice was not taken in time, as the circuit court tried the case as if a fact existed which made the appeal properly and timely taken, and there is nothing on the face of the record to show to the contrary. In such case it will be presumed that the court found that such fact or matter *in pais* existed. If the court erred in such finding, the remedy to correct that error is the same as when other erroneous decisions are made.

4. ———: ———: ———: Judgment: Petition for Review: Verification. An action in the circuit court to set aside a judgment rendered at a former term cannot be treated as a petition for review as the petition was not verified.

5. ———: ———: ———: ———: Vacation: Coram Nobis. A writ of error *coram nobis* is to bring the court's attention to, and obtain relief from, an error as to a fact which, without negligence of the one asking for the writ, was not shown and established at the time of the trial, and will not lie to correct an error of fact he knew or should have known; and so will not lie at instance of one who took appeal from a justice to the circuit court where judgment was rendered against him, to vacate such judgment on the ground that by reason of an extraneous fact the appeal was not in time.

6. ———: ———: ———: ———: ———: ———: ———: Appeal and Error: Review. While a writ of error *coram nobis* will lie to open up a judgment on the ground that it was rendered against a minor, yet as the question of whether the defendant was a minor was presented and evidence *pro* and *con* heard thereon, and no findings of fact or declarations of law were asked or given, the judgment of the trial court, in the absence of any showing to the contrary, is presumed to be based on the fact that the trial court in this action found that appellant was not a minor at the time the judgment was rendered.

Appeal from Jackson Circuit Court.—*Hon. Frank G. Johnson,* Judge.

AFFIRMED.

*L. N. Dempsey* for appellant.

*Sehree Conrad & Wendorff* for respondent.

TRIMBLE, J.—This was an action, brought September 19, 1914, to set aside a judgment rendered by the circuit court of Jackson county on April 2, 1913. After a decision adverse to the petition, the case comes here by way of appeal.

To understand the nature of the judgment sought to be destroyed and the reasons appellant has for seeking

its destruction, as well as respondent's contentions in opposition thereto, the following statement of facts is necessary:

Appellant, Karicofe, defaulted in the payment of a deed of trust he had given, and the property was duly foreclosed and sold to the respondent, Schwaner, he receiving a trustee's deed in due form. Karicofe refused to give possession of the premises, and Schwaner brought an action in unlawful detainer against him in a justice court. Summons was duly issued and served, the parties appeared, and on August 23, 1912, judgment for possession and damages was awarded. On August 29th, the sixth day after the rendition of the judgment, Karicofe filed an affidavit and bond for appeal, and on that date the justice made an order allowing an appeal to the circuit court. A transcript of the record and proceedings, together with the original papers, was filed in the circuit clerk's office on September 3, 1912.

On the 2nd of April, 1913, the case came on for trial but Karicofe did not appear. His default was noted, and thereupon the evidence for the plaintiff was heard and the circuit court rendered judgment in Schwaner's favor for possession of the premises and for damages. At the same term and on April 6, 1913, Karicofe filed a motion to set aside the judgment. Said motion set up that he, Karicofe, was born August 12, 1893, and consequently was not yet 21 years old and would not be until August 12, 1913; and the ground of said motion was that he was a minor and no guardian *ad litem* had been appointed for him either in the justice's or in the circuit court. On the hearing of this motion, evidence was offered in support thereof, and also evidence was introduced showing that in obtaining the loan secured by the deed of trust which was foreclosed, Karicofe had, on April 3, 1912, made an affidavit that he was then 21 years old, and his parents had likewise made affidavit that he was born on August 12, 1890. The court, after hearing the evidence on said motion, overruled it. Thereupon Karicofe took steps looking toward an appeal. He filed the necessary affidavit, and an appeal was allowed but it

was never perfected.    Afterwards, . on  September  19,
1914, as stated, he brought this separate and independ-
ent suit to set aside the judgment in unlawful detainer
rendered by the circuit court.

Two grounds are relied upon as the basis of appel-
lant's right to have the judgment annulled.  *First.* That
the circuit court acquired no jurisdiction over, or power
to hear and determine, the unlawful detainer suit.  *Sec-
ond.*  That at the time said court rendered judgment
Karicofe was a minor, and no guardian *ad litem* hav-
ing been appointed for him, the court was without power
to render a judgment against him.

The first ground invokes the principle that in an un-
lawful detainer suit the justice court has exclusive orig-
inal jurisdiction, and, unless an appeal therefrom is ap-
plied for within the time allowed by statute, no jurisdic-
tion over that particular case is acquired by the circuit
court, for the only jurisdiction it can acquire is appel-
late.    Nor, in such case, will the appearance in the cir-
cuit court of the opposite   party   confer   jurisdiction.
[Robinson v. Walker, 45 Mo. 117; Sidwell v. Jett, 213
Mo. 601; In re grading Bledsoe Hill, 222 Mo. 604, 608.]
Appellant alleges in his petition that at the time the jus-
tice rendered judgment, to-wit, on August 23, 1912, the
circuit court was in session and the term continued there-
after till September 7.    Under section 7705, Revised
Statutes 1909, if the judgment of a justice in an unlawful
detainer suit be rendered during the term of the circuit
court, the appeal is returnable within six days after the
rendition of the judgment.    Section 7704 provides that
no appeal shall be allowed unless the same be applied
for and an affidavit and recognizance filed with the jus-
tice *before* the return day of the appeal.    Section 7716
provides that the appellant shall cause to be filed in the
circuit clerk's office a transcript of the record and pro-
ceedings, together with the original papers on or before
the return day of the appeal.    The justice's judgment
was rendered August 23, the affidavit and recognizance
were filed on the 29th and the transcript was filed in the
clerk's office September 3rd.    Consequently appellant as-

serts the circuit court was without jurisdiction to try said case on appeal and render a judgment therein. If it be admitted that the justice's judgment was rendered in term time, then the appeal was not applied for in time, because although the 29th was the sixth day after the rendition of the judgment and was the return day of the appeal, yet section 7704 requires that the appeal shall be applied for, and the affidavit and bond filed, *before* the return day. [Robinson v. Walker, supra, l. c. 119.] Section 7722 provides that where the *complainant* appeals and fails to do certain enumerated things, among which is the failure to file any affidavit or recognizance within the time required by law, the appeal shall be dismissed. And section 7723 provides that where the defendant is the one who appeals, then in case of ''such default'' (referring to the default specified in section 7722), the judgment of the justice may be affirmed or the appeal dismissed. It would seem that, strictly speaking, the word ''default'' here used might refer rather to the things the defendant fails to do after the appeal is obtained and does not include the failure to obtain an appeal. In the case of Coles v. Foley, 13 Mo. App. 249, the St. Louis Court of Appeals held that since section 7725 authorized the circuit court ''in case of a judgment by default'' to assess the monthly value of the premises and the damages, therefore section 7723 did not limit the court to a mere affirmance or dismissal. But in that case the defendant ''had taken and perfected his appeal'' and afterwards failed to appear, that is, he was strictly in default. So that the case, by reason of the facts, is not an authority squarely supporting the view that the circuit court in the case at bar had jurisdiction to try the case anew, where it is asserted that the appeal was not applied for in time.

Respondent argues that inasmuch as section 7717 provides that if the appellant fails to file the transcript and papers on or before the return day of the appeal the appellee may produce them and the judgment shall be affirmed *unless* the appellant presents good cause for his default, and since the circuit court tried the case as

if it had jurisdiction it may be presumed that the appellee, Schwaner, filed the transcript and papers and that there was good reason for Karicofe not filing them in time. If the failure to file the transcript within six days were all that appellant herein relies upon, then, under the decision of Coles v. Foley, supra, the circuit court had power to render the decision since the circuit court did precisely what the trial court there did. But the transcript was filed in time if the justice's judgment was rendered during the vacation of the circuit court, for section 7705 says that when that is the case the first day of the next term is the return day of the appeal and we can take judicial notice of the beginning of the term though not of its end. [Hadley v. Bernero, 97 Mo. App. 314.] So that the argument that the court may have proceeded under the situation provided for in section 7717 in no way meets the contention that the appeal was not applied for in time because the judgment of the justice was rendered during the term of the circuit court. Indeed, if it were *conceded* that the steps were taken as authorized under section 7717 this would be an admission, at least implied, that the justice's judgment was rendered during the term of the circuit court. Whereas, that fact is denied; and, so far from there being any presumption that the appellant did not file the transcript in time and that the appellee filed it for him, the statements in the record and pleadings of both sides are all to the contrary, with the sole exception of Karicofe's charge that the justice's judgment was rendered in term time. We are therefore of the opinion that appellant's first ground for asking that the judgment be set aside cannot be met by the suggestions of respondent thus far considered.

But it does not follow from this that appellant is entitled to succeed in his efforts to destroy the judgment. The claim that the appeal from the justice was not taken in time, rests upon the alleged existence of something outside of the record and of the judgment roll. The judgment attacked, therefore, occupies a vastly different *status* than if the alleged fact appeared upon the face

of the record.  It is a well-established rule that where the power of a court, like the circuit court, to pass upon a particular case rests solely upon a matter *in pais,* its judgment is not open to collateral attack but is valid until it is reversed by appeal or writ of error, or is annulled by other direct attack.  It is not strictly accurate to say that if, by reason of an extraneous fact an appeal in an unlawful detainer suit was not taken from the justice in the time allowed by statute, then the circuit court obtained "no jurisdiction over the subject-matter."  Because, strictly speaking, that phrase means the power conferred by law to hear the class of actions to which a case belongs, and the statutes give that power to the circuit court.  [Hadley v. Bernero, 103 Mo. App. 549, 554.]  Now the action in the case at bar is, as stated, a separate and independent suit to set aside a judgment of the circuit court rendered at a former term.  It cannot be regarded as a petition for review, under section 2104, Revised Statutes, 1909, as amended by Laws 1913, page 159.  It was not verified as that statute requires.  It is not a petition in equity nor one asking that a judgment be set aside upon equitable grounds.

So that we are of the opinion that this is purely a *collateral* attack upon the judgment sought to be destroyed; that since the circuit court tried the case as if a fact existed which made the appeal properly and timely taken, and there is nothing on the face of the record to show to the contrary, it is presumed that the court found that such fact existed; and that, if the court erred in such finding, then the remedy to correct that error is the same as when other erroneous decisions are made.  [Hadley v. Bernero, 103 Mo. App. 549, 553-560.]

Even if the petition herein could be regarded as in the nature of a petition for a writ of error *coram nobis,* yet that will not lie for the correction of an error as to such a fact as the one now under consideration, namely, that the justice's judgment was rendered during a term of the circuit court.  As to such a fact, that was a

matter which appellant should have known, and, had he been diligent, he would have brought it to the attention of the court in that case. He it was who took the appeal and, therefore, he knew that the case would be up for consideration in the circuit court at some time, and it was his business to know when the case was returnable. A writ of error *coram nobis* will not lie to correct an error of fact which the appellant knew or should have known. [Hadley v. Bernero, 103 Mo. App. 549, 562.] It is to bring the attention of the court to, and obtain relief from, an error as to a fact which, without negligence on the part of the one asking for the writ, was not shown and established at the time of the trial. [5 Am. & Eng. Ency. of Pl. & Pr., 28; Jeude v. Simms, 166 S. W. 1048,1052; State v. Stanley, 225 Mo. 525, 534.]

However, if the petition herein could be considered in the light of an application for a writ *coram nobis*, it would lie to open up the judgment on the ground that the one against whom the judgment was rendered was a minor. [Powell v. Gott, 13 Mo. 459; Jeude v. Simms, supra, 2 Tidd's Practice, 1136; Life Assn. of America v. Fassett, 102 Ill. 315.] Appellant appeared in the circuit court and filed a motion in the nature of a writ *coram nobis* on that ground and the question of his infancy was investigated but the court found that he was of age. This might perhaps produce the same result as if the question of minority had been raised in the original suit and the court had expressly found that the party against whom the case was brought was of age. In which case it would be a question whether the writ *coram nobis* would be the proper remedy, as the claimed fact of infancy in that event would not be one consistent with the record, nor would the judgment be one that would not have been rendered had the attention of the court been directed to the question of infancy. But, if the appellant was a minor at the time the motion in the original case was filed, doubtless the filing of the motion was nothing. It was the same as if he had never filed it. Hence, if the petition in the case at bar can be treated as being in the nature of an application

for a writ *coram nobis*, it would have to be considered as if no similar motion had been filed in the original case. But in the case now before us the question of whether appellant was of age or was a minor was again presented and evidence thereon was heard *pro* and *con*. The judgment of the court, in the case at bar, was against appellant. There was evidence in the present action to justify the trial court in finding that appellant was of age at the time the judgment was rendered and at the time he filed his motion. No finding of fact or declarations of law were asked or given. The judgment of the trial court, in the absence of any showing to the contrary, may, therefore, be presumed to be based on the fact that the trial court in this action found that appellant was not a minor at the time the judgment was rendered. So that, even if we might, in a spirit of gracious liberality, treat the petition herein as an application for a writ *coram nobis* (a thing which we gravely doubt), still the appellant has not shown us that he is entitled to a reversal of the trial court's judgment in this case. Wherefore, the judgment is affirmed. The other judges concur.