BETTIE DOWNING, Defendant in Error, v. EVA LaSHOT, B. A. McKAY and N. N. PIERCE, Plaintiffs in Error.

Springfield Court of Appeals, May 9, 1919.

1. **LANDLORD AND TENANT: Unlawful Detainer: Jurisdiction.** An unlawful detained case must originate in the justice court, and the circuit court has only appellate jurisdiction.

2. ———: ———: **Appeal: Time: "During Term." "Vacation."** Under Revised Statutes 1909, section 7705, as to appeal in unlawful detainer, a judgment, rendered during a temporary adjournment or recess of the circuit court from December 8th to January 10th, following, was rendered "during the term" of the circuit court, and not "in vacation," and therefore appeal therein was returnable within six days after judgment rendered in justice court.

3. **TIME: Unlawful Detainer: Appeal.** Under Revised Statutes 1909, sections 7705, 8057, subdivision 4, where judgment in unlawful detainer was rendered in justice court December 27, 1915, in order for the justice to have had the authority to grant appeal therefrom, the affidavit for appeal and appeal bond must have been filed with him on or before the 1st day of the following January, which was a Saturday.

4. **LANDLORD AND TENANT: Unlawful Detainer: Code.** The law governing forcible entry and detainer is a code unto itself, and its mandatory requirements must be strictly observed.

5. ———: ———: **Appeal.** Where in unlawful detainer case appeal bond was not filed in time, the mere fact that the justice recited in his docket that the appeal was granted did not make it an appeal; his authority being limited by the statute which did not authorize appeal, except where bond is filed in time.

6. ————: ————: ————. Where plaintiff's appeal bond in unlawful detainer case was not filed in time, the fact that defendant appeared and tried out the pretended appeal in the circuit court made no difference, because an appearance under such circumstances will not confer jurisdiction.

7. **JUSTICES OF THE PEACE:** Appeal Bond: Liability   Where appeal in unlawful detainer case was not taken within the time required by Revised Statutes 1909, section 7705, the appeal bond therein was void, and did not bind the sureties thereon, although they signed it voluntarily.

Error to Pemiscot County Circuit Court.—*Hon. Sterling H. McCarty.* Judge.

REVERSED AND REMANDED (*with directions*).

*B. A. McKay* for plaintiffs in error.

*W. W. Corbett* for defendant in error.

BRADLEY, J.—This is a suit on a bond given by defendant, Eva LaShot, on appeal from a judgment in a justice of the peace court in an unlawful detainer case. Below, a trial, before the court without a jury, resulted in a judgment in favor of plaintiff and against the sureties on the appeal bond. Being unsuccessful in a motion for a new trial the defendant sureties bring the cause to this court by writ of error.

Plaintiff below is defendant in error here, defendants below are plaintiffs in error here, but for convenience parties will be referred to as originally styled. The original cause which gave rise to the case at bar was tried before a justice of the peace in Pemiscot county on the 27th day of December, 1915. The trial resulted in a judgment in favor of plaintiff and against Eva LaShot for posssssion of the premises sued for, monthly rents and costs. On December 31, 1915, defendant in the unlawful detainer case, Eva LaShot, filed with the justice her affidavit for appeal to the circuit court, and on that date the justice noted in his docket that the appeal was granted; and

on the 4th day of January, 1916, a bond was filed with the justice, and approved. The transcript of the justice was filed with the clerk of the circuit court January 6, 1916. The November term, 1915, of the circuit court was in session on December 8, 1915 at which time it adjourned to January 10, 1916. The defendant sureties contend that since the bond sued on in the instant case was not filed with the justice within six days after the rendition of the judgment in the unlawful detainer case, and transcript of the justice filed with the clerk of the circuit court within six days after the rendition of said judgment in the justice court, that the bond is a nullity, and void, and that they are not, therefore, liable thereon.

Section 7705, Revised Statutes 1909, dealing with unlawful detainer appeals provides that when the judgment of the justice is rendered during the vacation of the circuit court, the appeal therefrom shall be returnable to the first day of the next term; but if the judgment in the justice court be rendered during a term of the circuit court, the appeal is then returnable within six days. This question arises on the facts here: Was the judgment in the justice court rendered "during the term" of the circuit court or "in vacation?" If the judgment in the justice court was rendered during the term of the circuit court, then the appeal from the justice court was returnable within six days; if on the other hand the judgment in the justice court was rendered during the vacation of the circuit court then the appeal was returnable to the next term of the circuit court.

In Hadley v. Bernero, 97 Mo. App. 314, 71 S. W. 451, the St. Louis Court of Appeals discussing an unlawful detainer appeal said: "As to the meaning of the sections of the statutes bearing on this question, we think they use the word "term" to signify the entire period from the first day of a term as fixed by law to its final close, and the word "vacation" to signify the period between the adjournment of any term and the

beginning of another, not merely an interval when the
court is not in session from having adjourned for more
than a day but not to court in course. [Brayman v.
Whitcomb, 134 Mass. 526; Bronson v. Schulten, 104
U. S. 1. c. 415; State v. Derkum, 27 Mo. App. (K. C.)
628.] By this construction, a temporary adjournment
of the St. Louis Circuit Court would not have relieved
the appellants of the duty to perfect their appeal from
the judgment of the justice of the peace if given in
term time, inside of six days after its rendition."

While the decision in Hadley v. Bernero, supra,
was not determined wholly by the construction quoted,
yet that point was in issue, and the court gave its
construction of the statute in question. In Warner v.
Donahue, 99 Mo. App. 37, 72 S. W. 492, an unlawful
detainer appeal, the court discusses this same question.
There the court says: "A term of court has been de-
fined to signify the period from the first day of the
term fixed by law until court is adjourned to the next
court in course, and the word "vacation" has been
held to mean the period between the day on which a
term of court is adjourned to the next court in course,
or until the day of the beginning of another term, and
not the mere interval when, for any reason the court
is not in session and is adjourned over for more than
a day. [State v. Derkum, 27 Mo. App. (K. C.) 628;
Hadley v. Bernero, 97 Mo. App. 314; Bronson v.
Schulten, 104 U. S. 1. c. 415; Brayman v. Whitcomb,
134 Mass. 525.] Under these authorities we hold that
the month of December was embraced in the September
term, 1901, of the St. Louis County Circuit Court and
the appeal from the justice's court was taken during
a term of the circuit court."

In State v. Derkum, 27 Mo. App. 628, the Kansas
City Court of Appeals construing sections 1762 and
1769, Revised Statutes 1879, now sections 5557, 5564,
Revised Statutes 1909, relative to filing informations
during term time and in vacation held that the words
"in vacation" as used in those sections has reference

to the vacation between the terms of the court, and not to the interim or recess of the court during any term. Hadley v. Bernero and Warner v. Donahue, supra, are the only cases we find dealing directly with the language "during the vacation of the circuit court" and "during the term of such court" as used in section 7705, Revised Statutes 1909, relative to unlawful detainer appeals. State v. Derkum, supra, is analogous, but construes a different statute.

On the other hand we find the Supreme Court in Lumber Company v. Keener, 217 Mo. 522, 117 S. W. 42, in construing section 3494, Revised Statutes 1879, now section 1770, Revised Statutes 1909, relative to the meaning of a provision in that section that the court in which a suit is brought or in vacation, the clerk thereof, shall make an order of publication to non-resident defendants. The Supreme Court in the Keener case held that where the circuit court of Stoddard county adjourned on March 20th, until June 16, 1884, the interim being within the statutory period of a single term, that, nevertheless, the clerk of the court under the provisions of what is now section 1770, Revised Statutes 1909, had authority to issue an order of publication. That is that during that interim the circuit court was "in vacation" so far as that term is used in what is now section 1770, Revised Statutes 1909. But one of the controlling features of the Keener case was an act of the Legislature, Laws 1883, p. 112. The act of 1883, supra, was amendatory of section 3126, Revised Statutes 1879, relative to the construction of statutes, and added a new provision to the section. This amendment was general, and provided that whenever any act is authorized to be done by or any power given to, a court or judge thereof in vacation, the words "in vacation" shall be construed to include any adjournment of the court for more than one day. This section was again amended in 1885 (Laws 1885, p. 190), by adding a new provision as to the powers of a clerk "in vacation." In Lumber Company v. Keener, supra,

reference is made to Hadley v. Bernero and Warner v. Donahue, supra, and also State v. Derkum, supra, but these cases were not overruled.

The object and purpose of making an appeal in an unlawful detainer case returnable within six days was to obviate delay. [American Brass Mfg. Company v. Phillipi, 103 Mo. App. l. c. 53, 77 S. W. 475.] An unlawful detainer case must originate in the justice court and the circuit court has only appellate jurisdiction. [Karicofe v. Schwaner, 196 Mo. App. 568, 196 S. W. 46.] The object to be attained was to make such appeal returnable as soon as possible. If an appeal in an unlawful detainer case is taken during the recess of the circuit court and such, perforce, makes the appeal returnable to the *next term* of the circuit court, then delay will necessarily result. If the circuit court is merely adjourned to a certain time, but not to court in course, and an unlawful detainer appeal is taken during the interim, and is made returnable to that term of the circuit court, then it would be for determination during that term, and delay obviated, and the purpose of the statute achieved. Suppose A had sued B in Pemiscot county in unlawful detainer, and the cause was tried, and appeal taken on December 10, 1915. The circuit court was then in recess. If that means "in vacation" then this appeal would not be returnable until the next regular term of the circuit court. Then suppose C had sued D in the same county in unlawful detainer, and this cause is trued in the justice court and appeal taken January 10, 1916. This appeal would have been, without question, returnable within six days, because the circuit court was then in session at regular term. In this situation we would have an appeal taken on January 10, 1916, in the same county and to the same court returnable at a date earlier than an appeal of the same kind and character taken a month prior.

We do not believe that such a construction of section 7795 would be reasonable, or would express the

intention of the Legislature. The context of the law should be observed in arriving at the legislative intent, and when we read section 7705, having in mind that its purpose was to obviate delay, we can reach no other conclusion than that the appeal in the unlawful detainer case giving rise to the case at bar was returnable within six days after the judgment in the justice court. [St. Louis & San Francisco Railway Company v. Gracy, 126 Mo. 472 S. W. 579; Ross v. Railroad, 111 Mo. 18, 19 S. W. 541.]

Having reached the conclusion that the unlawful detainer appeal was returnable within six days from the rendition of the judgment in the justice court, the question then arises: What effect did the failure to file the bond with the justice and the transcript with the clerk of the circuit court within the time prescribed by the statute after the rendition of the judgment in the justice court have on the liability of the defendant sureties in the case at bar.

Under section 7705, Revised Statutes 1909, no appeal shall be allowed unless three things within the proper time be done, to-wit: (1) The appeal must be applied for; (2) affidavit must be filed with the justice; (3) satisfactory appeal bond must be filed with the justice. All these steps are essential before any appeal can be granted. In order for the justice to have had the power and authority to grant the appeal the affidavit therefor and the bond must have been filed with him on or before the first day of January, 1916. [Karicofe v. Schwaner, 196 Mo. App. l. c. 568, 196 S. W. 46; Sec. 8057, R. S. 1909, subdivision 4.] The transcript may be filed in the circuit court *on* or *before* the return day (Sec. 7716, R. S. 1909), but not so with the affidavit and bond for the appeal. The application and affidavit for the appeal were filed December 31, 1915, and were filed in time; but the bond was not filed until January 4, 1916, or three days after the time had expired in which a bond could lawfully be filed. Other statutes dealing with appeals from judgments in justice

of the peace courts do not alter the situation, because the law governing forcible entry and unlawful detainer cases is a code unto itself, and its mandatory requirements must be rigidly observed. [Purcell v. Merrick, 172 Mo. App. 412, 158 S. W. 478.] The mere fact that the justice recited in his docket that the appeal was granted on December 31, 1915, does not necessarily make it a lawful and valid appeal, or make it an appeal at all. The justice had no authority to do anything except what the statute authorized, and the statute did not authorize an appeal except that a bond be filed in time. The bond was not filed in time, and therefore there was no appeal taken. The fact that the defendant in the unlawful detainer case appeared and tried out the pretended appeal in the circuit court makes no difference, because an appearance under such circumstances will not confer jurisdiction. [Karicofe v. Schwaner, supra, l. c. 568, and cases there cited.]

Notwithstanding the fact that there was no appeal, are the defendant sureties liable because they voluntarily signed the appeal bond? We say no. In 4 C. J., sec. 3349, the general rule is stated thus: "Where no appeal can lawfully be taken in a given case, a bond given for no other purpose than the taking of such an appeal is wholly without consideration and therefore void. Where there is no order allowing an appeal or stay in proceedings, and such order is necessary to effectuate the appeal or stay, the appeal bond is void. If the appeal is not taken within the time provided by law, the court acquires no jurisdiction and the appeal bond is void. Where appellant fails to file a transcript of the case in the appellate court within the time prescribed by law, it has been held that the appeal has no existence, and consequently there is no consideration for, and no liability on, the appeal bond."

In support of the above quoted text Garnet v. Rodgers, 52 Mo. 145, and Hessey v. Heitkamp, 9 Mo. App. 36, are cited. The Garnet case involved the validity of an appeal bond from a justice of the peace

court.    Garnet had obtained a judgment by default against Rodgers on an account.    Rodgers undertook to appeal, and filed his affidavit and bond therefor. The justice granted the appeal.    In the circuit court Garnet on motion caused dismissal of the appeal on the ground that no motion had ever been made before the justice to set aside the judgment by default before said appeal was taken.    The statute then provided that no appeal should be taken from a judgment by default in a justice court unless within ten days after the rendition of such judgment, application be made to the justice by the party aggrieved, to have the same set aside.    The sureties on the appeal bond in the Garnet case were urging that they were not liable because the justice could not lawfully grant an appeal until the statute with reference to setting aside a judgment by default had been complied with.    The Supreme Court held the sureties on that bond not liable and the bond void.    In the course of the opinion the court said: ''It will be seen from this statute that the justice has no authority to grant an appeal from a judgment by default, unless application to set said default aside had been made within ten days after the rendition of the judgment, and the same refused.    Until this is done, no authority is given to grant the appeal, or take the recognizance which forms a part thereof.    It has been held by this court that an appeal taken without such application in void, and will give the circuit court to which the cause is attempted to be taken, no jurisdiction of the cause.''

In support of the conclusion reached in the Garnet case, the court cites Barnett & Ivers v. Lynch, 3 Mo. 369 and Adams et al. v. Wilson, 10 Mo. 341.    The Supreme Court in the Garnet case speaking of the Wilson case says:    ''The recognizances sued on in that case were executed, and the supposed appeals taken, more than ten days after the rendition of the judgments by the justice and after the time expired fixed by law for taking or granting an appeal.    Judge Scott, who

rendered the judgment of the court in that case, used this language: 'The law requires recognizances to be entered into before the justice who tries the cause, and within ten days from the day of the trial or from the refusal to set aside a judgment of non-suit. If these requisites are not complied with it will be a good cause for dismissing the appeal. The justice should see that they are conformed to; otherwise he must know that the appeal can avail nothing. After the expiration of the ten days, the officer has no right to take a recognizance. . . . These recognizances are not like official bonds and instruments of that character, concerning which it has been held that though the requisites of the law under which they are taken be not complied with, yet, being voluntary and not against the policy or provisions of any law, they are obligatory. If a recognizance is not taken within the time required by law the very purpose for which it is entered into may be defeated.''

In Hessey v. Heitkamp, supra, the validity of an appeal bond is involved growing out of a suit where plaintiff Hessey sued one Allison before a justice of the peace under the landlord and tenant act for possession and accrued rent. Judgment was rendered for plaintiff and defendant took an appeal, with Heitkamp as a surety on the appeal bond. The court affirmed the judgment of the justice, but added nothing for the continued occupancy of the tenant during the pendency of the appeal. Execution was issued and the amount of the judgment was collected. The appeal bond contained a condition for the payment of ''all rents that have or may accrue.''

The proceedings in the justice court referred to in Hessey v. Heitkamp, supra, were in that case held to be void for certain reasons stated in the opinion. Notwitstanding the proceedings in the justice court it was apparently urged that the sureties were nevertheless obligated on the appeal bond, as a voluntarily obligation. The court in disposing of the case

said: "It might be held, upon grounds apparently satisfactory, that, notwithstanding the insufficiency of those proceedings, for the reasons stated, the recognizance might be binding on the defendant as a voluntary obligation. But the Supreme Court has long since settled the law, and this court has uniformly followed its rulings to that effect, that the recognizance is void for every purpose, and of no obligatory force whatever upon sureties, when the appeal is not properly taken from the judgment of the justice, or, which is the same thing in effect, when the circuit court has acquired no proper jurisdiction of the cause." [Citing Adams et al. v. Wilson, Garnet v. Rodgers, supra; and Moore v. Damon, 4 Mo. App. 111.]

In Moore v. Damon, supra, it is held that an appeal taken from a judgment of a justice of the peace not taken in time is no appeal at all, and the appeal bond taken in such case is void. [See. also, to the same force and effect Graves v. Railroad, 18 Mo. App. 647; Julian, Admr., v. Rodgers, 87 Mo. 229, Brown v. Railroad, 85 Mo. 123.]

It is our conclusion that there was no valid appeal from the justice of the peace court in the unlawful detainer case and that the act of the justice in granting the appeal under facts was *coram non judice* and void. There being no appeal, the bond given therein was void and not binding on the sureties thereon, and defendants' demurrer should have been sustained.

The judgment below is reversed and cause remanded with directions to enter judgment for defendant sureties. *Sturgis, P. J.,* and *Farrington, J.,* concur.