AMERICAN BRASS MANUFACTURING COMPANY, Respondent, v. PHILIPPI et al., Appellants.

### St. Louis Court of Appeals, December 1, 1903.

1. **UNLAWFUL DETAINER:** **Notice of Appeal.** The effect of section 3366, Revised Statutes 1899, is to import into the unlawful detainer act section 4074, so as to require notice of appeal in unlawful detainer cases, as in other cases appealed from the judgments of justices of the peace, except where apppeals are taken on the same day on which the judgment is rendered. (Per Bland, P. J.)

2. ———: ———: **Appeal During Term.** Secs. 3370 and 4074, Revised Statutes 1899, may be reconciled so that, in an action for unlawful detainer, where the judgment appealed from is rendered before the justice during the term of the circuit court to which the appeal is made returnable by section 3370, the circuit court may, at the request of the appellant, set the cause ahead so as to allow time for ten days' notice of appeal before the trial day. (Per Bland, P. J.)

3. ———: ———: **Affirming Judgment.** The penalty provided in section 4074, Revised Statutes 1899, giving the circuit court power to affirm the judgment of the justice, or dismiss the appeal, for want of notice of the appeal, is not expressly carried into the unlawful detainer act, and, being a penal provision, can not be imported into such act by implication. (Per Bland, P. J.)

4. ———: **Dismissing Appeal for Failure to Prosecute.** The spirit of the unlawful detainer act is opposed to delay, and, under section 3387, Revised Statutes 1899, if appellant fails to prosecute his appeal with diligence, the circuit court may in the exercise of sound discretion, dismiss the appeal for want of prosecution, on motion of the appellee at the first term to which it is returnable as well as any subsequent term. (Per Bland, P. J.)

5. ———: ———: Where an appeal was taken in April, 1902, from a judgment of the justice in an unlawful detainer action, and no steps taken to prosecute it until February, 1903, a motion to dismiss for failure to prosecute was properly sustained. (Per Bland, P. J.)

6. ———: ———. The majority of the court find it unnecessary in the decision of the case to determine whether the effect of section 3366 is to require notice of appeal, in an unlawful detainer case, if taken while the circuit court is in session, but if a second term goes by without notice of the appeal, said section is operative so far as to authorize the dismissal of the appeal for want of notice, on motion of the appellee. (Per Goode, J.; Reyburn, J., concurring.)

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferriss*, Judge.

AFFIRMED.

*Daniel Dillon* and *Kurt Von Reppert* for appellant.

(1) The only question involved in this case is whether or not an appellant is required to give any notice of appeal when an appeal is taken from the judgment of a justice of the peace to the circuit court in cases of unlawful detainer brought under chapter 29, article 2 of Revised Statutes of 1899. The appellant contends that no such notice is required. This chapter of the statute regulating actions of forcibly entry and detainer is a complete system in itself, prescribing to the minutest detail every proceeding for such actions, and has been so declared by the Supreme Court and Court of Appeals in the following cases: Gunn v. Sinclair, 52 Mo. 327; Powell v. Camp, 60 Mo. 569; Gray v. Dryden, 79 Mo. 106; Carter v. Tindall, 28 Mo. App. 316; Hastings v. Hennessy, 52 Mo. App. 172; Johnson v. Fischer, 56 Mo. App. 556. (2) Where an appeal from a justice is taken within less than ten days before the first day of the term of the appellate court, the case is not triable at that term except by consent. Knapp

v. Skeele, 31 Mo. 434.   In case of such default by a defendant in case of appeal, if he be appellant, the judgment of the justice may be affirmed or the appeal dismissed.   That is the law at present in this State.   Nelson v. Nelson, 30 Mo. App. 187; Hamilton v. Jeffries, 15 Mo. 617; Lucas v. Fallon, 40 Mo. App. 551.

*Rassieur & Buder* for respondent.

(1)   Appellant failed to give any notice of appeal. An omission to give notice of an appeal does not affect the jurisdiction of the circuit court, but is a failure to prosecute the appeal and shall be dismissed at the instance of the appellee.   R. S. 1899, sec. 3366; R. S. 1899, sec. 3387; Holdridge v. Marsh, 28 Mo. App. 283.   (2) Where there is a conflict between two laws, the last expression of the legislative will should prevail, although both were enacted at the same session of the General Assembly.   State ex rel. v. Heidorn, 74 Mo. 410; Lang v. Calloway, 68 Mo. App. 393.  (3)   An appeal from the judgment of a justice of the peace in an action of unlawful detainer, must be taken and perfected in the manner prescribed by special statutory provisions in regard thereto; the statutes in relation to appeals from justices in ordinary proceedings have no application. Accordingly, when such an appeal is taken from a judgment rendered during the term of the circuit court to which it is returnable, it is essential to its validity that it should be perfected by the filing of the requisite affidavit and recognizance with the justice within six days after the rendition of the judgment.   Hastings v. Hennessey, 52 Mo. App. 172; Kellogg v. Linger, 60 Mo. App. 571; Walter v. McSherry, 21 Mo. 76.

BLAND, P. J.—On April 15, 1902, a judgment in a suit of unlawful detainer was rendered by Justice R. B. Haughton, in the city of St. Louis in favor of plaintiff

and against defendant. Two days thereafter the defendant appealed the cause to the St. Louis Circuit Court and the transcript of the justice was filed in the circuit court on April 21, 1902. The circuit court was in session during the whole of the month of April. No notice of the appeal was given by defendant to plaintiff. The cause was not called up until the February term, 1903, of the circuit court, when, on motion of plaintiff to dismiss the appeal, the defendant was required to give a good and sufficient appeal bond (the one filed before the justice being deemed insufficient) which he did. After the new bond was filed the plaintiff filed its motion to affirm the judgment of the justice or dismiss the appeal, on the ground that two terms of the court had elapsed and no notice of the appeal had been given. The motion was sustained and the appeal dismissed at the cost of defendant. From this order defendant appealed to this court.

Section 3370, article 2, chapter 29, Revised Statutes 1899, of the forcible entry and detainer acts, provides that appeals from the justice's court to the circuit court shall be returnable, if the judgment is rendered in vacation of the circuit court, to the first day of the next term thereof; but if the judgment of the justice be rendered during the term of the circuit court, the appeal shall be returnable within six days after the rendition of the judgment.

Section 3384 of the act provides that if the transcript from the justice is filed in term time, the cause shall be set for trial on some day during such term, unless for good cause shown the court shall otherwise direct.

Section 3366 of the act provides that when a cause shall be taken to the circuit court under the provisions of this article, notice thereof shall be given as of appeals from justices' courts.

Prior to the revision of 1889, no notice of an appeal from the judgment of a justice in an unlawful de-

tainer suit or for forcible entry and detainer, was required.    The effect of section 3366, supra, is to import into the unlawful detainer act, section 4074 (chap. 43, art. 10, R. S. 1899), and to require the appellant to give at least ten days' notice of his appeal, if the appeal be taken upon any day other than the day on which the judgment was rendered.    No notice of the appeal was given in this case.    The appellant contends, that inasmuch as section 3370, supra, required him to have the transcript filed in the circuit court within six days after the rendition of the judgment, the cause was returnable within six days to the April term, 1902, of the circuit court, and that it was a physical impossibility for him to give ten days' notice of appeal before the return term thereof, and that sections 3370 and 4074, supra, are irreconcilable. If it is possible to harmonize these sections and to give effect to the legislative intent as expressed in them without doing violence to the language of either section, it is the duty of the court to enforce them both. State v. Heman, 70 Mo. 441; Cole v. Skrainka, 105 Mo. 303; Kane v. Railway 112 Mo 34.    We think this may be done.    The appeal when taken in vacation of the circuit court is returnable to the *first day* of the succeeding term.    An appeal taken during the session of the circuit court is made returnable to the *term,* not to a particular day of the term, and the cause can not be entered on the docket of the term except by an order of the court and when so docketed it can not be set for trial on any day of the term, unless ordered to be so set by the court. Section 3370, supra, does not say on what day of the term the cause shall be set for trial, but only that it shall be returnable at that term, thus leaving it to the discretion of the court to name the day the cause shall be set for hearing and when the appellee shall be required to appear and answer to the suit. In other words, it is left to the court to name the particular day of the term to which the cause is in *fact returnable.*    The practice is, when the attention of the court is called to the matter

by the appellant by asking leave to have the cause dock-eted (which he is bound to do, if he prosecutes his appeal with due diligence) for the court to name a day for the trial of the cause. It is, therefore, an easy matter to set the cause ahead so as to allow ten days' notice of the appeal if the appellee demands it. In this view of the procedure, there is no practical difficulty in complying with the statute requiring ten days' notice of the appeal, whether taken in term time or in vacation of the circuit court. The spirit of the forcible entry and detainer act requires prompt action and a speedy trial and we think the statute requiring notice of appeal should be construed in harmony with the spirit of the act and that notice should be speedily given after the appeal is perfected.

2. The penalty prescribed by section 4076 (chap. 43, art. 10), to the effect that the judgment may be affirmed or the appeal dismissed for failure of the appellant to give notice of the appeal at least ten days before the second term after the appeal is taken, is not expressly carried into the forcible entry and detainer act by section 3366, supra, nor by any other section found in that act; being a penal statute, it can not be imported into the chapter by implication. State v. Bryant, 90 Mo. 534; State v. Gritzner, 134 Mo. 512; State v. Murlin, 137 Mo. 297. The spirit of the unlawful entry and detainer act seems to us to be opposed to so long a delay before the court may in the exercise of a sound discretion dismiss the appeal for want of prosecution and that the appellee is not bound to wait that length of time before he may successfully move to have the appeal dismissed for want of prosecution. Section 3387 of the act, among other things, provides that if the appellant shall not prosecute his appeal, it may be dismissed. This section can have no other meaning than that the appellant shall prosecute his appeal with diligence from the day he takes it to a final termination, and if he fails to do so, the court, in the exercise of its judicial discretion, may

dismiss it on the motion of the appellee at the first term at which it is returnable as well as at any subsequent term.

3. The appeal slept in the office of the clerk of the circuit court from April, 1902, until February, 1903, and would perhaps have slept on until doomsday had it not been called up by the appellee's motion to dismiss. Appellant took no steps whatever, after perfecting his appeal, to prosecute it in the circuit court. He clearly violated the law which permitted him to take the appeal, in failing to prosecute it, and has no ground to complain because his appeal was dismissed.

The judgment is for the right party and is affirmed. *Goode* and *Reyburn, JJ.,* concur; the former in a separate opinion.

GOODE, J. (concurring).—In this case the appeal was taken from the judgment of a justice of the peace during the April term, 1902, of the circuit court, to which, under the statutes, the appeal was returnable. That term passed, as did likewise the June and December terms of the circuit court, and the February term convened; meanwhile no notice of appeal had been given by the appellant.

The majority of the court deem it unnecessary to decide what the effect of section 3366, of the Revised Statutes of 1899, is as to requiring notice of appeal to be given during the term of the circuit court at which the appeal is returnable, if taken while the circuit court is in session. The general purpose of the statutes in regard to forcible entry and detainer and unlawful detainer actions is to expedite their determination as much as possible, and in pursuance of this policy, an appeal taken from the justice's judgment during a term of the circuit court to which the appeal lies, is made returnable to that term. Whether it is necessary to give notice at that term by virtue of the new enactment (section 3366, supra) is a point which does not necessarily arise

for decision on this record. We think, however, that the section of the statutes last mentioned is at least so far operative that if the second term, after the appeal is taken, goes by without notice, as happened in this case, the appellant is delinquent and the appeal may be dismissed on motion of the respondent. For this reason we think the judgment should be affirmed. *Reyburn, J.* concurs in this opinion.