McGUFFIN et al., Respondents, v. McQUARY, Appellant.

St. Louis Court of Appeals, April 30, 1907.

1. JUSTICES OF THE PEACE: Appeal: Motion to Dismiss. The circuit court should not sustain a motion to dismiss an appeal from a justice of the peace on the ground that the sureties on the appeal bond are insolvent, without giving the appellant an opportunity to furnish another bond. [R. S. 1899, section 3385.]

2. ———: ———: Appellate Practice. The Court of Appeals cannot order the circuit court, from which an appeal is taken, to take evidence to show whether the appeal of the same case from a justice of the peace was taken in time; this would be ordering a new issue to be tried after the appeal reached the Court of Appeals to determine by matters *in pais* whether or not the circuit court had acquired jurisdiction, which is not permissible by our practice.

·3. ———: **Forcible Entry and Detainer: Notice of Appeal.** Where an appeal from a justice of the peace is taken in an action of forcible entry and detainer, a motion to dismiss the appeal for want of notice will not lie at a succeeding adjourned term. [R. S. 1899, sec. 3366, 4074, 4075, 4076.]

Appeal from Barry Circuit Court.—*Hon. F. C. Johnston,* Judge.

REVERSED AND REMANDED (*with directions*).

*T. L. & L. J. Montgomery* for appellant.

(1) The court erred in taking up the motion to dismiss the appeal as soon as filed without giving defendant's attorney any time to examine same or to present the questions involved. R. S. 1899, secs. 641, 3974; Paddock v. Somes, 102 Mo. 226; State v. Underwood, 76 Mo. 630; Remhardt v. Kemff, 72 Mo. App. 649. (2) The court erred in sustaining plaintiff's motion to dismiss the appeal and therefore should have sustained defendant's motion to set aside the order dismissing the appeal. R. S. 1899, secs. 3366, 3368, 3369, 3370, 3371, 3373, 3391, 3385, 3386, 3387, 4074, 4075, 4076; Carter v. Tindall, 28 Mo. App. 216; Brass Mfg. Co. v. Philippi, 103 Mo. App. 47; Nelson v. Nelson, 30 Mo. App. 184; Hamilton v. Jefferies, 15 Mo. 617; Manson v. Coleman, 86 Mo. App. 18; Voyght v. Avery, 14 Mo. App. 48.

*J. S. Davis* and *Edw. J. White* for respondents.

GOODE, J.—This case came up on appeal from a judgment sustaining a motion to dismiss the appeal taken by the defendant from the judgment of a justice of the peace to the circuit court. The action is one in unlawful detainer for a tract of land in Barry county said to contain valuable deposits of lead and zinc. It was instituted before Thomas Calton, a justice of the peace. Subsequently a change of venue was taken by the defendant and the case sent to Squire Collins, another justice

of the peace. Defendant contended the original service
of summons was bad and no jurisdiction acquired. Juris-
diction was subsequently acquired by the appearance of
the defendant as is admitted. When the case reached
Collins, he set it for trial on May 8, 1906, and on said
day plaintiffs appeared, but the defendant did not;
whereupon judgment was rendered in plaintiffs' favor
for possession of the land. The court found the plain-
tiffs had been damaged in the sum of one thousand dol-
lars by the detention of the premises and that the value
of the monthly rents and profits was five hundred dol-
lars; wherefore in addition to the judgment for possess-
ion and restitution, the court considered and adjudged
plaintiffs have and recover of defendant two thousand
dollars damages and also at the rate of one thousand
dollars a month for the rents and profits, from the 4th
day of April, 1906, the date of the demand for possess-
ion, until restitution was made. An appeal was prose-
cuted on May 12, 1906, by defendant from the above
judgment of the justice to the circuit court of Barry
county, Missouri. Previous to the day of the trial in the
justice's court on May 8, 1906, to-wit, May 5, the defend-
ant applied to the clerk of the circuit court of Barry
county for a writ of certiorari, commanding the justice
to stop all further proceedings in the case and certify
the papers and records therein to the circuit court. This
action was taken on the ground that no proper notice
had been served on defendant after the change of venue.
The writ issued by justice Collins to defendant command-
ing his appearance on May 8, was returned by the con-
stable as follows: "I hereby certify that I have served
this writ on the 2d day of May, 1906, by leaving a copy
with a member of the family over the age of fifteen years.
Signed, John Calton." Defendant contended this was
a void service and that Justice Collins had no power to
proceed to judgment in the case; wherefore the writ of
certiorari was sued out. This writ was served on the

justice of the peace, as stated, May 5, 1906, but nevertheless the justice proceeded to judgment in the cause, ignoring the writ. The next move of defendant was an attempt to enjoin the enforcement of the justice's judgment. Application was made to the circuit court for a temporary injunction, which was refused, and thereupon the defendant appealed from the judgment of the justice of the peace to the circuit court. In the latter court plaintiffs' counsel moved to dismiss the appeal. We understand this motion was filed on June 4, and taken up and heard the same day. The motion recited that the action was one in unlawful detainer and had been appealed from a judgment of Squire Collins of Pleasant Ridge, Barry county, rendered May 12, 1906, awarding plaintiffs possession of the property sued for and damages; that at the time of the appeal the regular February term of the circuit court was in session and it was returnable to that term and plaintiffs are entitled to have it dismissed for the following reasons:

"First: Because the defendant has given the plaintiffs no notice of appeal from the judgment of said justice.

"Second: Because the sureties on his appeal bond are insolvent, as is the defendant, and they are not worth the amount of said bond.

"Third: Because no legal bond or appeal has been perfected and the judgment of the justice stands unappealed from. Wherefore plaintiffs move the court to dismiss the appeal of the defendant."

No testimony was offered in support of the motion, which defendant insists was taken out of time and without giving his counsel a chance to be heard; they being engaged in other matters. The motion was sustained and the appeal dismissed, defendant saving an exception to the ruling. Subsequently a motion was filed to set aside the order dismissing the appeal, assigning as reasons that the June term at which the order was made, was

an adjourned part of the February term; that the court erred in taking up the motion and hearing the same as soon as it was filed; because no notice of the appeal was necessary and for other reasons which need not be stated. Testimony was offered in support of the motion to set aside the order dismissing the appeal; including the papers in the certiorari case, which were excluded, and an exception saved to their exclusion. The objections to the competency of the papers in the certiorari proceeding were that the affidavit filed as a basis for the writ of certiorari, was insufficient and no sufficient bond was filed. Some oral testimony was taken which is said to show defendant's counsel had no fair hearing on the motion. We think much of the matter contained in the present record is irrelevant to the points we are called on to determine on this appeal. The essential question for our decision is whether or not the circuit court rightly dismissed the defendant's appeal from the judgment of the justice of the peace. This inquiry resolves itself into the question of whether notice of the appeal should have been given. It may be said that while the motion to dismiss states that the sureties on defendant's appeal bond were insolvent, this was not proved. Moreover, if it had been, defendant was entitled to time to give another bond. [R. S. 1899, sec. 3385.] After the case reached this court, plaintiffs filed a motion for the correction of the record in the case, setting out that the law required the transcript of the justice to be filed in the office of the circuit clerk within six days after the justice's judgment was given, to-wit, on or before May 14, 1906; that said transcript was not filed until May 17, 1906; that subsequently the file mark was altered so as to show it was filed May 14, 1906; that this was done by erasing the figure 7 and inserting the figure 4, thus making the filing

124 Ap.—45

mark read May 14, instead of May 17. We were called on by plaintiffs' counsel to direct the judge of the circuit court of Barry county, Missouri, to take evidence of the alleged alteration, of the filing mark, and, if, after such examination, said judge was satisfied there had been an alteration, to cause a just and true bill of exceptions to be signed and allowed, showing the fact. It is perfectly obvious that this contention cannot prevail, and ought not to prevail. It asks us to order a new issue to be tried after the appeal has reached this court. In other words, to determine by matter *in pais,* whether or not the circuit court had failed to acquire jurisdiction, because the transcript of the justice was filed too late, and had been misled into exercising jurisdiction by an alteration of the filing date. This would inject into the record of the appeal in this court a new bill of exceptions, containing new facts, proved on the trial of an entirely new issue, after the present appeal had been lodged here. We are of the opinion that such practice is not permissible and that the case of State v. Howell, 117 Mo. 307, 23 S. W. 263, relied on by plaintiffs' counsel, does not warrant it. What the Supreme Court ruled in said case was that it might direct the trial judge to try the issue of the falsification of the bill of exceptions the Supreme Court was to review. Said bill of exceptions purported, of course, to contain the evidence of what had transpired in the circuit court, and if it had been altered so that it did not show the evidence, the Supreme Court thought it was proper to direct the judge of the circuit court to ascertain the fact and make the bill of exceptions show truly what had occurred at the trial. That is a very different practice from the one invoked here. What we are asked to do is not to have the circuit court correct the bill of exceptions before us, to show what actually transpired when the motion to dismiss defendant's appeal was heard, but to take evidence on an issue that never was heard in the circuit court, to-wit, the altera-

tion of the filing mark on the justice's transcript and send up another bill of exceptions with that evidence and the court's finding. Indeed, plaintiffs' counsel say they did not know of the alleged alteration until after the appeal to this court had been taken and completed. Moreover, it is not necessary to go into this extraneous matter; for if we rule with the plaintiffs that the appeal from the justice of the peace was rightly dismissed, he will not be injured by the alteration of the filing mark; whereas, if we hold it was wrongly dismissed and reverse and remand the cause, plaintiffs may then take such steps as are proper to correct the alleged alteration. As the record is presented to us and was presented to the circuit court when the motion was heard, said court was shown on the face of the record to have acquired jurisdiction of the cause by a timely appeal from the justice's judgment and the only question for decision, we think, is whether that appeal should have been dismissed for want of notice to plaintiffs. We know of no rule of law which would justify its dismissal because notice was not given prior to the first day of the June adjourned term. That at most was only the first term after the appeal was taken; if we consider it a term at all, in the sense of the statutes requiring notice of appeal. Now the statute on forcible entry and detainer expressly provides that the notice shall be given as in cases of other appeals from justices' courts. [R. S. 1899, sec. 3366.] Section 4074 says the appellant shall serve the appellee with notice ten days before the term at which the cause is to be tried; but the next section (4075) says the appeal shall not be dismissed for want of such notice. If the notice is not given ten days before the second term after the appeal is taken, the judgment may be affirmed (sec. 4076). The case of Am. Brass Mfg. Co. v. Phillippi, 103 Mo. App. 47, 77 S. W. 475, 765, lends no support to plaintiffs' position; for there

it appeared that more than two terms had ensued without notice of the appeal being taken.

The judgment is reversed and the cause remanded with a direction to the circuit court to set aside the order dismissing the appeal and reinstate the cause. *Nortoni, J.,* concurs, *Bland, P. J.,* concurs in the result, but dissents from the portion of the opinion holding the circuit court could not try the issue of the alteration of the filing mark on justice's transcript.