ESTELLE PEPER BUSHMAN, Defendant in Error, v. CHRISTIAN PEPER BUSHMAN, Plaintiff in Error.

St. Louis Court of Appeals. Opinion Filed January 2, 1923.

UNLAWFUL DETAINER: Justices of the Peace: Appeals: Jurisdiction: Notice of Appeal: Statutes: Construction. In an action in unlawful detainer, the sole question on appeal being whether plaintiff gave defendant timely notice of the appeal from a justice of the peace, as required by law, the record is reviewed and section 3039, Revised Statutes 1919, providing that when a case shall be taken to the circuit court under the Unlawful Detainer Act, notice thereof shall be given as of appeals from justices' courts, and section 2905 relating to appeals from justice courts requiring ten days' notice, etc., if the appeal be not allowed on the same day on which judgment is rendered, and sections 2906 and 2907 governing failure to give notice of appeal, etc., and sections 3034 and 3057 of the Unlawful Detainer Act, construed, and *held* that where, as in the instant case, the circumstances are such that the requirement as to notice could have been complied with without depriving the appellant of any right given him by the Unlawful Detainer Act, such requirement may not be disregarded because in other instances it might not be possible for an appellant to comply therewith without losing the benefit of other sections of the act; and since plaintiff did not give notice ten days prior to the February Term of court as she had time to do, she lost her right to have the case determined at that term; that by delaying the giving of

the notice until after the beginning of the February Term, the case became triable at the February Term at the option of the defendant, appellee; and that since defendant, appellee, did not enter his appearance at the February Term, the court acquired no jurisdiction over him at that term, and was required to continue the case to the next term.

Error to the Circuit Court of the City of St. Louis.— *Hon. Wilson A. Taylor,* Judge.

REVERSED AND REMANDED.

*N. Murry Edwards* and *McLaran & Garesche* for plaintiff in error.

(1) The law of this State, in forcible entry and unlawful detainer cases, is that whenever a case shall be taken to the circuit court, under the provisions of the Forcible Entry and Unlawful Detainer Act, that notice thereof shall be given as of appeals from justices' courts. Sec. 3039, R. S. 1919. (2) In all appeals from judgments rendered by a justice of the peace: "If the appeal be not allowed on the same day on which the judgment is rendered, the appellant shall serve the appellee, at least ten days before the first day of the term at which the cause is to be determined, with a notice in writing, stating the fact that an appeal has been taken from the judgment therein specified." Sec. 2905, R. S. 1919. (3) The effect of section 3039 of the Revised Statutes 1919, is to import into the Unlawful Detainer Act, section 2905, R. S. 1919, so as to require notice of appeal in unlawful detainer cases, as in other cases appealed from the judgments of justices of the peace, except where appeals are taken on the same day on which the judgment is rendered. American Brass Co. v. Philippi, 103 Mo. App. 47; McGuffin v. McQuary, 124 Mo. App. 701. (4) The provision of the statute providing for the giving of proper and timely notice of an appeal from the justice court where the appeal is not allowed on the same day the judgment is rendered, is a matter going

to the jurisdiction of the circuit court to hear and determine the case. Comstock v. Packing Co., 171 Mo. App. 410; Daugherty v. Perky, 177 S. W. 786; Hawley v. Mo. Pac. R. R., 80 Mo. 540; Roll v. Cummings, 117 Mo. App. 312; Drake v. Gorrell, 127 Mo. App. 636; Brown on Jurisdiction, sec. 41. (5) The function of a notice of appeal is the same as an original summons. Cooper v. Accident Company, 117 Mo. App. 423; State v. Hammond, 92 Mo. App. 231; Daugherty v. Perky, 177 S. W. 786.

*Harry H. Haeussler* and *Chas. J. McCauley* for defendant in error.

ALLEN, P. J.—This is an action in unlawful detainer instituted by the plaintiff Estelle Peper Bushman (defendant in error here) against her brother Christian Peper Bushman (plaintiff in error here) to recover possession of a dwelling known as No. 4448 Washington boulevard in the city of St. Louis. We shall refer to the parties as plaintiff and defendant respectively, as they were styled below. It appears that plaintiff claimed to be entitled to the possession of the premises in question by reason of a deed thereto received by her from her mother prior to the latter's death. The defendant answered that he moved into the premises with his wife and children at the request and invitation of his mother who lived in the house prior to her death; and that after the death of his mother he continued to occupy the premises as a tenant in common with his sister, the plaintiff herein, and as an heir of his mother. He also alleged that another suit was pending in the circuit court between the same parties to set aside the deed relied upon by plaintiff herein.

This suit was instituted by plaintiff on November 21, 1921, before William D. Moore, a justice of the peace in the city of St. Louis. Thereafter the cause went on change of venue to William J. Blesse, another justice of the peace in said city, where it was tried on January

16, 1922, on which date judgment was rendered in favor of the defendant. Two days after the rendition of said judgment, to-wit, on January 18, 1922, plaintiff filed her affidavit and bond for appeal and an appeal was allowed her to the circuit court of the city of St. Louis. This occurred during the December Term, 1921, of the circuit court, and more than ten days prior to the first day of the next, February Term, 1922, of said court, which began on February 6, 1922. Plaintiff duly perfected her appeal and the papers with a transcript of the docket entries of the justice were duly filed in the circuit court on January 21, 1922, five days after the rendition of the judgment by the justice of the peace.

The record shows that on January 24, 1922, on oral motion of plaintiff in the circuit court, the cause was by said court ordered set for trial on February 13, 1922. Written notice of the appeal was served by plaintiff on defendant's counsel on February 9, 1922. This notice stated, *inter alia,* that the appeal was returnable to the February Term, 1922. On February 13, 1922, the day on which the cause had been previously set for hearing, the same was continued on oral application of plaintiff to March 2, 1922. On the last mentioned date defendant did not appear, and a default was taken against him, a jury waived, and the cause tried and submitted by plaintiff, resulting in a judgment in favor of plaintiff for restitution of the premises, and for damages and monthly rents and profits. This judgment defendant has brought to this court for review by writ of error.

The sole question in the case is whether the plaintiff gave to the defendant below timely notice of the appeal from the justice of the peace, as required by law.

Prior to 1889 no notice of an appeal from a judgment of a justice of the peace was required in an unlawful detainer or forcible entry and detainer suit. In that year a new section was added to the unlawful detainer act, being section 5134, Revised Statutes 1889, now section 3039, Revised Statutes 1919, providing as follows:

"When a case shall be taken to the circuit court, under the provisions of this article, notice thereof shall be given as of appeals from justice courts."

In Article VII of Chapter 22, Revised Statutes 1919, relating to appeals from justices of the peace, are found the following sections, viz.:

"Sec. 2905. If the appeal be not allowed on the same day on which the judgment is rendered, the appellant shall serve the appellee, at least ten days before the first day of the term at which the cause is to be determined, with a notice in writing, stating the fact that an appeal has been taken from the judgment therein specified.  . . ."

"Sec. 2906. If the appellant fail to give notice of his appeal when such notice is required, the cause shall, at the option of the appellee, be tried at the first term, if he shall enter his appearance on or before the second day thereof, or, at his instance, shall be continued as a matter of course until the succeeding term, at the cost of the appellant; but no appeal shall be dismissed for the want of such notice.  When, however, the appellee enters his appearance and demands trial as provided for by this section and the appellant fails to appear, the judgment on motion of appellee shall be affirmed."

"Sec. 2907. If the appellant shall fail to give such notice at least ten days before the second term of the appellate court after the appeal is taken, the judgment shall be affirmed, or the appeal dismissed, at the option of the appellee."

By the enactment of section 3039, supra, it was obviously intended to import into the unlawful detainer act the requirement that notice of appeal be given "as of appeals from justices' courts."  But in this connection certain sections of the unlawful detainer act must be considered.

Section 3043, Revised Statutes, 1919, provides as follows:

"When the judgment of the justice is rendered during the vacation of the circuit court, the appeal shall be

returnable to the first day of the next term thereof; but if the judgment be rendered during the term of such court, the appeal shall be returnable within six days after the rendition of the judgment.''

Section 3057, Revised Statutes 1919, provides as follows:

''If such transcript and papers be filed in vacation, the cause shall be set for trial on some day during the next term; if in term time, then on some day during such term, unless for good cause shown the court shall otherwise direct.''

It is apparent that the provisions as to giving notice of appeals from judgments of justices of the peace in ordinary cases, set out above, cannot be literally applied to actions of unlawful detainer without frequently having the effect of nullifying the provisions of sections 3043 and 3057, supra, which were obviously intended to obviate delay in such proceedings by expediting the hearing of the cause on appeal in the circuit court. Where the appeal, as in the instant case, is taken during the term of the circuit court, and is consequently returnable within six days and triable at that term unless the court shall for good cause otherwise direct, it is impossible to give notice of the appeal ten days prior to that term. Under such circumstances it was said in American Brass Mfg. Co. v. Philippi, 103 Mo. App. 47 .77 S. W. 475, 765, in an effort to harmonize section 3039 with sections 3043 and 3057, supra, so as to give effect to the legislative intent expressed therein, that the spirit of section 3039, supra, as well as of sections 3043 and 3057, supra, would be complied with by requiring notice of the appeal to be given ten days prior to the hearing of the cause, which could be set at a date so as to afford sufficient time for the giving of such notice; though what was said in that case touching this particular matter appears to have been unnecessary to a decision therein.

Likewise when the appeal is taken in vacation of the circuit court, but less than ten days before the be-

ginning of the next term of that court, to which it is made returnable by section 3043, supra, and at which term it is triable under section 3057, supra, compliance with the statutory provisions as to giving notice of appeals from judgments of justices' of the peace as in ordinary cases could not be had without doing violence to the sections just mentioned. And such is likewise the case where the appeal is taken during the term of the circuit court, but at or very near the end of the term, necessitating the setting of the case for trial at the next term.

In the instant case the appeal was taken on January 18, 1922, more than ten days prior to the February Term, 1922, which began on February 6, 1922. According to the provisions of sections 3043 and 3057, supra, the case was triable at the December Term, 1921, the court not having adjourned for the term, and it was the duty of the court to set the case for trial at that term unless for good cause shown the court should otherwise direct. The court (presumably for good cause) directed that the case be set at the following February Term. There was consequently ample opportunity to give the notice required by section 3039, supra, ten days prior to the term at which the case was thus to be determined (Sec. 2905, supra). Such being the state of this record, we need not here consider the effect to be given to section 3039, supra, in those instances in which the provisions thereof, requiring notice to be given ''as of appeals from justices' courts,'' cannot be complied with without coming into conflict with provisions of the unlawful detainer act looking to the speedy determination of such causes on appeal. How that bridge is to be crossed we need not consider until we reach it. In the case before us, had plaintiff promptly given notice of the appeal, and had the circuit court thereafter, during the December Term, 1921, proceeded to try the cause on appeal, then on defendant's appeal to this court, the question, if raised, as to the effect to be given to section 3039, supra, under such circumstances, would have been squarely in

the case for decision. But as this case reaches us, it is one in which the provisions of section 3039, supra, as to notice, could have been fully complied with, without infringing at all upon the provisions of the unlawful detainer statute to which we have adverted above.

The obvious intendment of section 3039, supra, is to require that notice of the appeal be given as in other cases appealed from justices of the peace. [McGuffin v. McQuary, 124 Mo. App. 701, l. c. 707, 102 S. W. 3]. Evidently the Legislature overlooked the fact that the provisions as to notice of appeals from justices of the peace generally cannot be made to apply in cases of unlawful detainer without frequently having the effect of rendering nugatory certain provisions of the unlawful detainer act designed to expedite the disposition of such cases on appeal in the circuit court. And this situation is one which should be remedied by legislative action. However, where, as here, the circumstances are such that the requirement as to notice could have been complied with without depriving the appellant of any right given him by the unlawful detainer act, we do not feel at liberty to say that such requirement may be disregarded because in other instances it might not be possible for an appellant to comply therewith without losing the benefit of other sections of the act. The course pursued below made the case one to be determined not earlier than the February Term, 1922. If plaintiff was desirous of having it determined at that term, rather than at the succeeding April Term, this could have been accomplished by giving notice ten days prior to the February Term. And since this was not done, we are constrained to hold that plaintiff lost her right to have the case determined at that term; that by delaying the giving of the notice until February 9, 1922, the case became triable at the February Term at the option of the appellee; and that since the defendant, appellee, did not enter his appearance at the February Term, the court acquired no jurisdiction over him at that term, and was required to continue the cause to the next April term.

It follows that the judgment below must be reversed and the cause remanded for a new trial. It is so ordered. *Becker* and *Daues, JJ.*, concur.